25 F.3d 1031
 Toni SAUNDERS, as parent and natural guardian of Chad
Saunders, a minor, for and on behalf of Chad
Saunders, Petitioner-Appellee,
v.
SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Respondent-Appellant.
 No. 93-5037.
 United States Court of Appeals,
Federal Circuit.
 June 7, 1994.
 
 Gary Lee Shockey, Spence, Mariarity & Schuster, Jackson, WY, argued for petitioner-appellee.
 Charles R. Gross, Atty., Dept. of Justice, Washington, DC, argued for respondent-appellant. With him on the brief were Stuart M. Gerson, Atty. Also on the brief were Stuart E. Schiffer, Acting Asst. Atty. Gen. and Helene M. Goldberg, Atty.
 Before ARCHER, Chief Judge,* MAYER, and SCHALL, Circuit Judges.
 SCHALL, Circuit Judge.
 
 
 1
 The Secretary of the Department of Health and Human Services (government) appeals from the September 30, 1992 judgment of the United States Claims Court,[1] affirming the special master's decision awarding attorneys' fees and costs to Toni Saunders (petitioner), on behalf of her son Chad Saunders, under the National Childhood Vaccine Injury Act of 1986 (Vaccine Act or Act), 42 U.S.C. Secs. 300aa-1 to 300aa-34 (1988 & Supp. IV 1992).[2] Because the Claims Court correctly determined that the special master's award of attorneys' fees and costs was permissible under the Vaccine Act, we affirm.
 
 BACKGROUND
 
 2
 On August 27, 1990, petitioner, as parent and natural guardian of Chad Saunders, filed a petition for compensation under the Vaccine Act in the Claims Court. Saunders, 26 Cl.Ct. at 1222. Petitioner alleged that her son was suffering from a permanent seizure disorder as a result of a diphtheria-pertussis-tetanus (DPT) vaccine administered on October 29, 1979. Id. After an evidentiary hearing, the special master found that petitioner had failed to prove by a preponderance of the evidence that the DPT vaccine was the cause-in-fact of her son's seizure disorder. Id.[3] Petitioner did not seek review of the special master's decision, and on January 13, 1992, the Claims Court entered judgment dismissing her petition. Id. Thereafter, pursuant to 42 U.S.C. Sec. 300aa-21(a), petitioner filed in the Claims Court an election to file a civil action for damages, in lieu of accepting the court's judgment on her claim. Id.[4]
 
 
 3
 Under the Act, an unsuccessful petitioner may recover attorneys' fees and costs if it is determined that "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. Sec. 300aa-15(e)(1). In April of 1992, petitioner filed an application for attorneys' fees and costs incurred in the Claims Court proceedings. Saunders, 26 Cl.Ct. at 1223. The government opposed the application, asserting that an award was prohibited as a matter of law because petitioner had elected to reject the court's judgment. Id. On May 26, 1992, the special master issued a decision awarding petitioner attorneys' fees of $3,984.00 and costs of $1,672.49. Id. The special master concluded that the election to reject the court's judgment did not prohibit the award of attorneys' fees and costs under the Act. Id. As noted above, the Claims Court affirmed the special master's decision.
 
 DISCUSSION
 I. The Standard of Review
 
 4
 The Vaccine Act provides that the Court of Federal Claims may reverse the decision of a special master if that decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...." 42 U.S.C. Sec. 300aa-12(e)(2)(B). We review de novo the court's determination as to whether the special master's decision was any of these. Hellebrand, 999 F.2d at 1569. In Munn v. Secretary of Department of Health & Human Services, 970 F.2d 863, 870 n. 10 (Fed.Cir.1992), this court explained how the standard of review operates:
 
 
 5
 These standards vary in application as well as degree of deference. Each standard applies to a different aspect of the judgment. Fact findings are reviewed by us, as by the Claims Court judge, under the arbitrary and capricious standard; legal questions under the "not in accordance with law" standard; and discretionary rulings under the abuse of discretion standard.
 
 
 6
 In this case, the facts are not in dispute. The issue before us on appeal is whether the special master's award of attorneys' fees and costs was permissible under the Act. Because that is a legal question, we apply the "not in accordance with law" standard. Thus, we review the special master's award de novo to determine whether the Claims Court reached the proper conclusion.
 
 II. The Statutory Scheme
 
 7
 The Vaccine Act established the "National Vaccine Injury Compensation Program [Program] ... under which compensation may be paid for a vaccine-related injury or death." 42 U.S.C. Sec. 300aa-10(a). An action for compensation under the Program is commenced with the filing of a petition in the Court of Federal Claims. See 42 U.S.C. Sec. 300aa-11(a)(1). In general, the Act recognizes two types of cases, depending upon whether the vaccine was administered before or after October 1, 1988, the effective date of the Act. See 42 U.S.C. Sec. 300aa-11(a). In retrospective cases (in which the vaccine was administered before October 1, 1988), the right to file a petition under the Act depends upon whether a civil action has been filed and the result of that civil action. See 42 U.S.C. Sec. 300aa-11(a)(5) (pending civil action must be dismissed before person may file a petition); 42 U.S.C. Sec. 300aa-11(a)(4) (person who has filed a civil action and either lost or had the case dismissed with prejudice may file a petition); 42 U.S.C. Sec. 300aa-11(a)(7) (person who has filed a civil action and received an award of damages may not file a petition). In prospective cases (in which the vaccine was administered after October 1, 1988), a person must file a petition under the Act before bringing a civil action in state or federal court; otherwise, he or she is limited to damages of less than $1,000 in such an action. 42 U.S.C. Sec. 300aa-11(a)(2)(A).
 
 
 8
 The Act provides that if a petitioner proves his or her case by a preponderance of the evidence, "compensation" shall be awarded. See 42 U.S.C. Sec. 300aa-13(a)(1). However, the payment of compensation is prohibited unless an election to accept the judgment of the court has been filed or is deemed to have been filed. Under 42 U.S.C. Sec. 300aa-15(f)(1), "no compensation may be paid until an election has been made, or has been deemed to have been made, under section 300aa-21(a) of this title to receive compensation." Section 300aa-21(a) provides that after the court has entered judgment awarding compensation, the petitioner must file an election in writing to receive the compensation or to file a civil action for damages in state or federal court under traditional tort theories. Even if the judgment did not award compensation, the petitioner still must file an election in writing to accept the judgment or to file a civil action for damages. Id. In either case (award or no award), if an election is not filed, an election to accept the judgment of the court is deemed to have been filed. Id. In that event, a petitioner in a retrospective case may not file a civil action on his or her claim, and a petitioner in a prospective case may not file such an action without being subject to the $1,000 recovery limitation. 42 U.S.C. Secs. 300aa-21(a), -11(a)(2).
 
 
 9
 As noted above, under the Vaccine Act even an unsuccessful petitioner may recover attorneys' fees and costs. The attorneys' fees provision of the Act provides as follows:
 
 
 10
 In awarding compensation on a petition filed under section 300aa-11 ... the special master or court shall also award as part of such compensation an amount to cover--
 
 
 11
 (A) reasonable attorneys' fees, and
 
 
 12
 (B) other costs,
 
 
 13
 incurred in any proceeding on such petition. If the judgment of the United States Court of Federal Claims on such a petition does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.
 
 
 14
 42 U.S.C. Sec. 300aa-15(e)(1).
 
 III. Analysis
 
 15
 The Claims Court affirmed the special master's decision awarding attorneys' fees and costs under the Act. On appeal, the government does not challenge the determination that the Saunders petition was brought in good faith and that there was a reasonable basis for petitioner's claim. Rather, the government argues that the Claims Court erred as a matter of law because 42 U.S.C. Secs. 300aa-15(f)(1) and -21(a) prohibit the payment of all "compensation," including attorneys' fees and costs, unless an election to accept the judgment has been filed or is deemed to have been filed. In ruling in favor of petitioner, the Claims Court rejected this line of argument. The court concluded that "the requirement of section 15(f)(1) that an election in favor of the judgment precede the payment of compensation ... is a requirement for an election in favor of a judgment on the merits granting compensation. Attorneys' fees, and the judgments allowing them, are wholly separate matters." 26 Cl.Ct. at 1225-26. We agree.
 
 
 16
 The linchpin of the government's argument is the proposition that, for purposes of the election requirements of 42 U.S.C. Secs. 300aa-15(f)(1) and -21(a), the term "compensation" necessarily encompasses both the payment of attorneys' fees and costs and the payment of an award on the merits under the Program. We do not believe that such is the case, however.
 
 
 17
 To begin with, the term "compensation" is used mainly in the Vaccine Act to mean payment for expenses incurred and losses suffered as a result of the administration of a vaccine. See 42 U.S.C. Sec. 300aa-10(a) (under the Program, "compensation may be paid for a vaccine-related injury or death"); 42 U.S.C. Sec. 300aa-10(b) (attorney consulted by individual regarding a vaccine-related injury or death is obligated "to advise such individual that compensation may be available under the [P]rogram for such injury or death"); 42 U.S.C. Sec. 300aa-15(a) to (d) (describing various kinds of "compensation" awarded under the Program to a petitioner under section 300aa-11 for a vaccine-related injury or death)[5]. Thus, the provisions of the statute suggest that the primary focus of the term "compensation" is upon payment for expenses incurred and losses suffered from the administration of a vaccine, rather than upon recovery of attorneys' fees and costs incurred in court proceedings under the Program.[6]
 
 
 18
 Secondly, it is a settled rule of statutory interpretation that a statute is to be construed in a way which gives meaning and effect to all of its parts. United States v. Nordic Village, Inc., --- U.S. ----, ----, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992) ("settled rule that a statute must, if possible, be construed in such fashion that every word has some operative effect"). The government's construction of the election provisions of the Act--that, as used therein, the term "compensation" encompasses both attorneys' fees and costs and an award on the merits--does not give meaning and effect to another part of the statute. Specifically, the government ignores the fact that in the fees and costs provision of the Act, the term "compensation" has different meanings. As seen above, section 300aa-15(e)(1) provides that "[i]f the judgment of the United States Court of Federal Claims on such a petition does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition" (emphasis added). Thus, within the same sentence, "compensation" means both payment for the injury or death suffered (or compensatory damages), see 42 U.S.C. Sec. 300aa-15(a), (b), and payment of attorneys' fees and costs, see 42 U.S.C. Sec. 300aa-15(e)(1). We therefore agree with the Claims Court that section 15(e)(1) "recognizes a distinction between a judgment on the merits and a judgment granting attorneys' fees." 26 Cl.Ct. at 1225. We also agree with the Claims Court that there is "no reason to assume that this distinction is not carried forward into section 21." Id.; see United States v. Thompson/Center Arms Co., --- U.S. ----, ---- n. 5, 112 S.Ct. 2102, 2107 n. 5, 119 L.Ed.2d 308 (1992) ("normal canons of construction caution us to read the statute as a whole, and, unless there is a good reason, to adopt a consistent interpretation of a term used in more than one place within a statute").
 
 
 19
 Accordingly, we read "compensation" in the context of 42 U.S.C. Secs. 300aa-15(f)(1) and -21(a) as referring to payment for the compensatory damages referenced in 42 U.S.C. Sec. 300aa-15(a) to (d), not payment of attorneys' fees and costs. Thus, we conclude that when the Vaccine Act requires an election to accept the court's judgment before the payment of "compensation," it is referring to "compensation" in the sense of payment for the kinds of expenses and losses which are referenced in 42 U.S.C. Sec. 300aa-15(a) to (d).
 
 
 20
 We believe that our construction of the statute furthers the underlying purposes of the Act. The Act was intended to provide compensatory damages for vaccine-related injuries. Because this statutory scheme is somewhat unique in that it supplants, at least initially, the traditional tort law regime typically used to compensate such injuries, certain statutory provisions are necessary to make the scheme compatible with tort law under the federal system. For example, the election requirement of section 300aa-15(f)(1) is necessary to ensure that a claimant will not receive double recovery for a single injury. Therefore, it is logical that section 300aa-15(f)(1) prevents the payment of compensation in the form of compensatory damages unless an election has been made.
 
 
 21
 A secondary purpose of the Act is to ensure that vaccine-injury claimants will have readily available a competent bar to prosecute their claims under the Act. This secondary purpose, which is effected by permitting the award of attorneys' fees and costs both to prevailing and non-prevailing claimants, is present regardless of whether or not a claimant receives compensation for his or her injury, and whether or not the claimant elects to accept the judgment under the Act. Thus, it would frustrate the secondary purpose of the Act to limit the award of attorneys' fees and costs only to cases in which an election to accept the judgment has been made. Moreover, in contrast to compensation under the Act for vaccine-related injuries, there is no danger that payment of attorneys' fees and costs will result in a double payment. Rather, payment of attorneys' fees and costs directly corresponds to costs incurred in prosecuting a claim under the Act. As such, the payment is independent of both any payment for the vaccine-related injury and any future costs incurred in bringing a subsequent civil action.
 
 
 22
 Finally, we note the principle of statutory construction that "a court should seek to avoid construing a statute in a way which yields an absurd result and should try to construe a statute in a way which is consistent with the intent of Congress." Hellebrand, 999 F.2d at 1570-71. Taking the Vaccine Act as a whole and giving effect to all of its parts, the result the government urges, in the setting of a prospective case, yields a result which we do not believe Congress could have intended.
 
 
 23
 As seen above, if he or she wishes to avoid the $1,000 recovery limitation, a petitioner in a prospective case is required by statute to proceed under the Act before bringing a civil action in state or federal court, even though he or she may not want to proceed under the Act because of its limitations on recovery. See 42 U.S.C. Sec. 300aa-15(a)(2) (damages for a vaccine-related death limited to $250,000); 42 U.S.C. Sec. 300aa-15(a)(4) (damages for actual and projected pain and suffering and emotional distress from a vaccine-related injury limited to $250,000). At the same time, the language of the Act makes it clear that even when the court's judgment does not award compensation, Congress intended the petitioner in a prospective case to recover reasonable attorneys' fees and costs if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. Sec. 300aa-15(e)(1).
 
 
 24
 The government argues that an unsuccessful petitioner must elect to accept the court's judgment in order to recover attorneys' fees and costs. However, in a prospective case, an individual wishing to avoid the $1,000 recovery limitation is required by statute to proceed under the Act before bringing a claim in state or federal court. If one accepts the government's position, the result is that an individual in a prospective case is barred from recovering the attorneys' fees and costs incurred in an action under the Act if he or she chooses not to accept the court's judgment, even though the individual may have had no desire to bring such an action in the first place, but was forced to do so because of the requirements of the Act. Put another way, as the government sees it, Congress intended to force a petitioner in a prospective case to incur attorneys' fees and costs in the Court of Federal Claims and then to compel that petitioner to choose between recovering those fees and costs or foregoing the right to bring a claim in state or federal court. Absent clear language compelling it, we are not prepared to conclude that Congress intended such a result. At the least, if Congress had intended such a result, we believe that it would have made its intention clear in the statute. See United States v. International Business Machs. Corp., 892 F.2d 1006, 1009 (Fed.Cir.1989) ("Had Congress intended to make the exemption permanent, it knew how: it could and we believe would have used words of futurity....").
 
 CONCLUSION
 
 25
 For the foregoing reasons, we hold that petitioner's election to reject the judgment of the Claims Court on the merits of her claim did not bar petitioner from recovering the attorneys' fees and costs incurred in her action under the Vaccine Act. Accordingly, the judgment of the Claims Court is
 
 
 26
 AFFIRMED.
 
 
 
 *
 Judge Archer assumed the position of Chief Judge on March 18, 1994
 
 
 [1]
 The Federal Courts Administration Act of 1992, Pub.L. No. 102-572, Sec. 902(a), 106 Stat. 4506, 4516, changed the name of the United States Claims Court to the "United States Court of Federal Claims." Except where the context requires otherwise, we refer to the trial court by the name which it had while this matter was pending before it
 
 
 [2]
 Saunders v. Secretary of Dep't of Health & Human Servs., 26 Cl.Ct. 1221 (1992)
 
 
 [3]
 A petitioner seeking compensation under the Vaccine Act may establish entitlement in either of two ways. The petitioner may recover when an injury listed in the Act's Vaccine Injury Table begins to manifest itself within the time period specified for the particular vaccine. 42 U.S.C. Secs. 300aa-13(a), -11(c)(1)(C)(i). In such a case, causation is presumed. Otherwise, the petitioner may recover if he or she proves actual causation, or causation-in-fact. 42 U.S.C. Secs. 300aa-13(a), -11(c)(1)(C)(ii). See Hellebrand v. Secretary of Dep't of Health & Human Servs., 999 F.2d 1565, 1567 (Fed.Cir.1993). In this case, in view of the period of time between the administration of the DPT vaccine and the onset of complications, only a causation-in-fact claim was asserted
 
 
 [4]
 As discussed more fully below, an unsuccessful Vaccine Act petitioner may pursue a civil action for damages in state or federal court by filing an election to do so after receiving the judgment of the Court of Federal Claims on his or her petition. In this way, the petitioner may be said to reject the judgment of the court
 
 
 [5]
 42 U.S.C. Sec. 300aa-15(a) describes the various kinds of "compensation" awarded under the Program in prospective cases. See 42 U.S.C. Sec. 300aa-15(a)(1) (expenses resulting from vaccine-related injury, expenses incurred by or on behalf of person who suffered such injury, expenses for diagnosis and medical or other remedial care, and other expenses such as rehabilitation, developmental evaluation, and special education); 42 U.S.C. Sec. 300aa-15(a)(2) (payment of $250,000 for a vaccine-related death); 42 U.S.C. Sec. 300aa-15(a)(3) (payment for loss of earnings); 42 U.S.C. Sec. 300aa-15(a)(4) (payment not exceeding $250,000 for pain and suffering). 42 U.S.C. Sec. 300aa-15(b) describes the various kinds of "compensation" awarded under the Program in retrospective cases. 42 U.S.C. Sec. 300aa-15(c) pertains to expenses for residential and custodial care and service, while 42 U.S.C. Sec. 300aa-15(d) prohibits certain kinds of "compensation," such as punitive or exemplary damages
 
 
 [6]
 In this context, the term "compensation" is analogous to "compensatory damages," known at common law and defined as "such [damages] as will compensate the injured party for the injury sustained, and nothing more." Black's Law Dictionary 390 (6th ed. 1990)