Arthur and Bonnie BROWN, as parents of Harley D. Brown, deceased, and as parents and guardians of Ashlee R. Brown, Plaintiffs,

v.

SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., Defendant.

No. IP 93–971 C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Sept. 15, 1994.

Arthur Brown, Bonnie Brown, pro se.

U.S. Atty., Indianapolis, IN, Martin K. Banks, Torts Branch, Civ. Div., Washington, DC, for defendant.

## ENTRY

BARKER, Chief Judge.

This matter is before the Court on Defendants' Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Fed. R.Civ.P. 12(b)(6).

## I. BACKGROUND

For purposes of the Defendants' Motion to Dismiss, the facts alleged in the Complaint are undisputed. Plaintiffs, Arthur and Bonnie Brown, are the parents of Harley and Ashlee Brown. On or about May 7, 1991, Bonnie Brown took her children, then aged two months and two years respectively, to defendant Minot Air Force Base Hospital ("Base Hospital") for each child's "well-baby" examination. As part of that examination, hospital personnel administered a diphtheria-pertussis-tetanus vaccine ("DTP"), a Hemophilus Influenza type b vaccine ("Hib") and an Oral Polio vaccine ("OPV") to both children. Ashlee also received the measles-mumps-rubella vaccine ("MMR").

Later that same day, both children experienced what the Browns characterize as adverse side effects to the vaccinations. Harley, for example, experienced an elevated temperature and redness and swelling around the inoculated area. Ashlee's condition appeared worse. She experienced difficulty walking and was found by her mother collapsed on the floor.

Mrs. Brown immediately contacted and explained Ashlee's situation to personnel at the emergency ward of the base hospital. The physician on duty instructed her to deliver Ashlee to the ward as soon as possible. Upon her arrival, Ashlee received a quick examination. The physician sent them home without treatment, however, stating that nothing could be done for Ashlee for 72 hours.

When she returned home, Mrs. Brown learned that Harley's condition had worsened. He was trembling and suffering from leg spasms, severe cramping and prolonged bouts of screaming. She again contacted the emergency room for care instructions and was told that warm baths and massages would relieve Harley's suffering. After three hours of continual screaming, Harley exhausted himself to sleep.

From May 7 to May 16, Harley continued to endure prolonged periods of screaming and cramping, and was able to rest only after becoming completely exhausted. As instructed by the base hospital, the Browns continued to give him warms baths and massages. Ultimately, on May 17, 1991, Mr. Brown discovered that Harley had died while taking a nap after his morning sponge bath and massage. The autopsy indicated that Harley died of Sudden Infant Death Syndrome ("SIDS"). Although Ashlee's ability to walk had moderately improved in the week since the vaccination, the traumatic death of her brother caused her physical and emotional condition to degenerate.

On August 21, 1992, Mrs. Brown contacted the immunization department of the Base Hospital and requested the names of the manufacturers and lot numbers of the vaccines that had been administered to her children. However, because it did not have a record of either item, the Base Hospital did not provide the requested information.

On February 7, 1993, the Browns filed administrative claims against the Department of the Air Force ("Air Force") under the Federal Tort Claims Act ("FTCA") on behalf of Harley and Ashlee. On May 27, 1993, in a letter written by Sherri W. Johnson, Chief of the Medical Law Branch of the Air Force's Tort Claims and Litigation Division, the Air Force denied both claims.

The Browns initiated this suit on August 4, 1993, and their complaint alleges numerous violations. Counts I–III allege that the Defendants precluded the Browns from pursuing claims under the Vaccine Injury Compensation Act of 1986 ("VICA"), 42 U.S.C. § 300aa–1 *et seq.* (1991), due to the Base Hospital's failure to record the manufacturer and lot numbers of the vaccines administered

to Harley and Ashlee. Counts IV–VI seek compensation pursuant to the FTCA, 28 U.S.C. §§ 1346(b), 2671 *et seq.* (1991), for the alleged vaccine-related injuries suffered by Harley and Ashlee.

## II. THE STATUTORY SCHEME

■ The National Childhood Vaccine Injury Act provides compensation to those harmed by childhood vaccines outside the framework of traditional tort law. Congress passed the law after hearing testimony (1) describing the need for vaccines to protect children from disease, (2) recognizing that vaccines inevitably harm a very small number of the many millions of people who are vaccinated, and (3) expressing dissatisfaction with traditional tort law's method of compensating those few victims. *Schafer v. American Cyanamid Co.,* 20 F.3d 1, 2 (1st Cir. 1994). The remedial scheme Congress created attempts to reconcile these competing interests by delivering compensation to victims more quickly and by reducing the litigation costs for both manufacturers and claimants. *See generally* National Childhood Vaccine Injury Compensation Act of 1985: Hearing on S. 827 Before the Senate Comm. on Labor and Human Resources, 99th Cong., 1st Sess. pt. 2 (1985); H.R.Rep. No. 908, 99th Cong., 2d Sess. (1986), *reprinted in* 1986 U.S.C.C.A.N. 6287.

An action for compensation under the Act is commenced with the filing of a petition in the Court of Federal Claims. 42 U.S.C. § 300aa–11(a). If the petition arises with respect to a vaccine administered before the effective date of the Act, October 1, 1988, the right to file a petition depends upon whether a civil action has been filed and the result of that civil action. *See* § 300aa–11(a)(5) (pending civil action must be dismissed before person may file a petition); § 300aa–11(a)(4) (person who has filed a civil action and either lost or had the case dismissed with prejudice may file a petition); § 300aa–11(a)(7) (person who has filed a civil action and received an award of damages may not file a petition).

In cases where the vaccine was administered after October 1, 1988, a person may not bring a civil action in state or federal court unless the claim is for less than $1,000, or unless: (1) the person has brought a petition under the Vaccine Act in the Court of Federal Claims; (2) the Claims Court has issued a judgment on that petition; and (3) the person has elected in writing not to accept the judgment or receive any compensation awarded. §§ 300aa–11(a)(2)(A), –21(a).[1] Failure to file a written election presumes that the petitioner has accepted the judgment of the Claims Court and has abandoned his or her right to file a civil suit. § 300aa–21(a).

■ In short, the Vaccine Act precludes a person from collecting damages for a vaccine-related injury or death from both a civil action filed in federal district court and also a Vaccine Act petition filed with the Claims Court. Moreover, the Act requires a person who has not filed a civil action by October 1, 1988, to file a petition in the Claims Court under the Vaccine Act first "or be forever precluded from either form of relief." *Schumacher v. Secretary of the Dep't of Health and Human Services,* 2 F.3d 1128, 1130

---

1. The relevant portion of the statute reads:

No person may bring a civil action for damages in an amount greater than $1,000 or in an unspecified amount against a vaccine administrator or manufacturer in a State or Federal court for damages arising from a vaccine-related injury or death associated with the administration of a vaccine after the effective date of this subpart, and no such court may award damages in an amount greater than $1,000 in a civil action for damages for such a vaccine-related injury or death, unless a petition has been filed, in accordance with section 300aa–16 of this title, for compensation under the Program for such injury or death. . . .

42 U.S.C. § 300aa–11(a)(2)(A) (Supp.1994).

After judgment has been entered by the United States Court of Federal Claims or, if an appeal is taken under section 300aa–12(f) of this title, after the appellate court's mandate is issued, the petitioner who filed the petition under section 300aa–11 of this title shall file with the clerk of the United States Court of Federal Claims—

(1) if the judgment awarded compensation, an election in writing to receive the compensation or to file a civil action for damages for such injury or death, or

(2) if the judgment did not award compensation, an election in writing to accept the judgment or to file a civil action for damages for such injury or death.

42 U.S.C. § 300aa–21(a) (Supp.1994).

(Fed.Cir.1993); *see also Saunders v. Secretary of the Dep't of Health and Human Services,* 25 F.3d 1031, 1033 (Fed.Cir.1994).

### III. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

■ Defendants first contend that this court lacks subject matter jurisdiction to hear the Browns' FTCA claims (Counts IV–VI) because the Browns have not yet filed a VICA petition in the Court of Federal Claims. For the reasons stated below, we agree with the Defendants.

This Court's jurisdiction over a claim for compensation for a vaccine-related injury or death is determined by the VICA and not the FTCA. On its face section 300aa–11(a)(2)(A) clearly states that "[n]o person may bring a civil action ... against a vaccine administrator or manufacturer ... in Federal court for damages arising from a vaccine-related injury or death ... unless a petition has been filed" first in the U.S. Court of Claims. If a claimant files such a suit in federal court before petitioning the Claims Court, the Act mandates that the "court shall dismiss the action." § 300aa–11(a)(2)(B). Thus, because the Browns have not (1) filed a VICA petition with the Court of Federal Claims, and (2) elected in writing to deny the judgment of the Claims court, this Court lacks subject matter jurisdiction.[2]

The Browns suggest in their Response[3] that they were misled by the Air Force into thinking that they could file their claims under the FTCA in U.S. District Court. They point to the concluding paragraph of a May 27 letter from the Air Force denying their FTCA administrative claims, which states:

> This is the final denial of your client's claims. If she feels that she has a cause of action she may now file suit in an appropriate U.S. District Court not later than six months after the date of the mailing of this letter.

Denial Letter from Sherri W. Johnson, Lt. Colonel, USAF, Defendants' Reply Memorandum, Attachment.

The Court recognizes that this language appears to improperly instruct the Browns to file suit in a federal district court. And we sympathize with their frustration at being steered to yet another branch of the federal government without having the merits of their serious allegations examined. Nevertheless, the law in this area is clear: "If a federal district court finds that it is without subject matter jurisdiction in a case, it has no choice but to dismiss regardless of any equitable considerations." *Smith v. Hustler, Inc.,* 514 F.Supp. 1265, 1271 (W.D.La.1981); *see also Conservation Council of Western Australia v. ALCOA,* 518 F.Supp. 270, 276 (W.D.Pa.1981); *In re "Agent Orange" Product Liability Litigation,* 506 F.Supp. 737, 740 (E.D.N.Y.1979). Accordingly, the Court grants Defendants' motion to dismiss Counts IV–VI.[4]

### IV. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Counts I–III allege that the Defendants, by failing to record the manufacturer and lot numbers of the vaccines administered to Harley and Ashlee, precluded the Browns

---

2. When a civil action is wrongfully brought in Federal district court, the date that action was originally filed "shall, for purposes of the limitations of actions ... be considered the date the petition was filed [with the Claims Court] if the petition was filed [with the Claims Court] within one year of the date of the dismissal of the civil action." § 300aa–11(a)(2)(B). Thus, the date this suit was filed, August 4, 1993, will also be deemed the filing date for statute of limitations purposes in a subsequent VICA petition, should the Browns so elect to bring one.

3. In a May 26, 1994 Order, this Court elected to treat the document entitled, "Plaintiffs Motion to Go to Trial on Above Stated Motion & Denial of Motion To Dismiss, by Defense," as the Browns' Response to the Government's Motion to Dismiss. •

4. Although fairness concerns cannot confer subject matter jurisdiction on this Court, they might warrant equitable tolling of the statute of limitations by the Court of Federal Claims should the Browns choose to file a Vaccine Act petition in that court. Of course, since that matter is not before this Court, we express no opinion as to its merits.

from pursuing claims under the VICA. In response the Defendants argue that Counts I–III fail to state a claim for which relief can be granted because the VICA does not require that a petitioner identify the vaccine manufacturer or lot number in order to file a claim. We again agree with the Defendants.

■ For purposes of a motion to dismiss, all the allegations in the complaint "are assumed to be true." *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1082, 31 L.Ed.2d 263 (1972). A plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action. *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985).

■ In this case, Plaintiffs correctly demonstrate that the Vaccine Act imposes reporting requirements on health care providers who administer vaccines. Each health care provider, for example, "shall record, or ensure that there is recorded," the date of administration, the manufacturer and the lot number of the vaccine. § 300aa–25(a). When a health care provider or manufacturer learns about "the occurrence of any contraindicating reaction to a vaccine," they must report the matter to the Secretary of Health and Human Services. § 300aa–25(b)(1).

Yet accepting as we do for the purposes of this motion that the Defendants failed to properly record the pertinent information, it does not follow that the Browns were precluded from bringing a VICA petition in the Court of Federal Claims. Section 300aa–13(1) lists the eligibility requirements for receiving compensation under the VICA as whether "the petitioner has demonstrated by a preponderance of the evidence the matters required in the petition by section 300aa–11(c)(1)." Section 300aa–11(c)(1) in turn requires only that the petitioner (1) receive a vaccine that is listed in the Vaccine Injury Table, (2) receive the vaccine in the United States, (3) die or sustain any injury listed in the Injury Table as a result of the vaccine, and (4) not previously have collected an award or settlement in a civil action for the injury.

In other words, the Act does not condition an award of compensation upon the production of such information. And even as to the information which the VICA requires, the statute permits a claimant to omit the materials and state the reasons for their unavailability if the information is unavailable. § 300aa–11(c)(3). Thus, the Plaintiffs have failed to state a claim upon which relief can be granted and, accordingly, we grant Defendants' motion to dismiss.

## IV. CONCLUSION

For the above stated reasons, the Court GRANTS the Defendants motion to dismiss Counts I–III for failing to state a claim and Counts IV–VI for lack of subject matter jurisdiction.

It is so ORDERED.

## JUDGMENT

In accord with the Court's entry in the above named cause, the Defendants' motion to dismiss Counts I–III for failure to state a claim and Counts IV–VI for lack of subject matter jurisdiction is granted. Counts I–III are hereby dismissed with prejudice. Counts IV–VI are dismissed without prejudice. Judgment is entered in favor of the Defendants and against the Plaintiffs on all of Plaintiffs' claims. Each of the parties is to bear its respective costs in this case.

It is so ORDERED.