# United States Court of Appeals for the Federal Circuit

---

**PHILLIP E. WAGNER,**

*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2010-7113

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-1702, Judge Alan G. Lance, Sr.

---

Decided: April 29, 2011

---

KENNETH M. CARPENTER, Carpenter Chartered, of Topeka, Kansas, argued for claimant-appellant. On the brief was THEODORE C. JARVI, Law Offices of Theodore C. Jarvi, of Tempe, Arizona.

DANIEL RABINOWITZ, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director,

and BRIAN M. SIMKIN, Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and KRISTIANA BRUGGER, Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before BRYSON, MAYER, and DYK, *Circuit Judges.*

MAYER, *Circuit Judge.*

Phillip E. Wagner appeals from a final judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his application for supplemental attorney fees incurred in the defense of his initial application for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See Wagner v. Shinseki*, No. 08-1702, 2010 U.S. App. Vet. Claims LEXIS 713 (Vet. App. Apr. 21, 2010). We reverse and remand.

## BACKGROUND

Wagner served in the United States Navy from July 1962 to July 1979 and from March 1982 to March 1988. He appealed to the Veterans Court after the Board of Veterans' Appeals ("board") denied his claim for service-connected benefits for a thyroid disorder. Pursuant to a joint motion of the parties, the Veterans Court vacated the board's decision and remanded the case to the Department of Veterans Affairs for reconsideration.

Wagner subsequently filed an application for attorney fees under the EAJA, arguing that the remand made him a "prevailing party" for purposes of establishing entitlement to an EAJA award. He sought fees of $11,710.57 for 70.3 hours of attorney work. The Secretary of Veterans Affairs conceded that Wagner was a prevailing party for purposes of the EAJA, but challenged the amount of the

fee request based on "the reasonableness of the requested fees." *See Wagner v. Shinseki*, No. 08-1702, 2009 U.S. App. Vet. Claims LEXIS 1791, at *1 (Vet. App. Oct. 14, 2009) (citations and internal quotation marks omitted). Specifically, the Secretary argued that (1) the fee for legal research should be reduced by 14.6 hours because Theodore C. Jarvi, Wagner's attorney, was an experienced veterans' law attorney, and should not have needed to conduct extensive research, (2) the fee for review of Wagner's claim file should be reduced by 8.8 hours because Jarvi had already spent 7.7 hours reviewing the file, and (3) the fee for scanning the claims file and instructing staff on how to combine the files of the record before the agency ("RBA") should be reduced by 4.0 hours since these tasks were purely clerical. *Id.* at *2-3. Wagner thereafter filed a response, defending his original fee application and requesting additional fees of $4,134.00 for time spent defending the fees that had been challenged by the Secretary.

On October 14, 2009, the Veterans Court granted Wagner an EAJA award of $8,601.80, which was an approximately 26.5 percent reduction from the $11,710.57 he had requested. *Id.* at *1-4. The court reduced Wagner's requested fees for legal research by 8.5 hours, the fees sought for review of the claims file by 8.8 hours, and the fees sought for scanning the claims file and instructing staff on how to combine files from the RBA by 1.5 hours. Of the 27.4 hours that had been challenged by the Secretary, the Veterans Court disallowed 18.8 hours. *Id.*

On October 26, 2009, Wagner filed a revised fee application, seeking $2,458.90 in supplemental fees for time expended defending his original EAJA fee request. Wagner did not seek compensation for time spent on arguments that were rejected by the Veterans Court when it made its original award. He argued, however, that he

was partially successful in defending his original fee application, and that he should be compensated for the 10.87 hours he spent successfully responding to the Secretary's challenges to his application as well as for the 4.0 hours he spent reviewing the Veterans Court's decision and drafting the supplemental fee request.

On February 17, 2010, the Veterans Court, in a single judge decision, denied the application for supplemental fees. The court stated that it would "not reward [Wagner] for his efforts to defend his earlier application" since the court had "substantially reduced [Wagner's] original EAJA application after concluding that much of the requested fees were unreasonable." *See Wagner v. Shinseki*, No. 08-1702, 2010 U.S. App. Vet. Claims LEXIS 197, at *3 (Vet. App. Feb. 17, 2010) ("*Supplemental Fees Decision*"). The court asserted that "[i]t would be anomalous to reduce an [initial EAJA] award by some $3,000 and then award nearly that amount to the losing party simply for putting up a fight." *Id.*

Wagner thereafter filed a motion seeking panel review of the decision denying him supplemental fees, but the Veterans Court denied this motion on April 21, 2010. Wagner then appealed to this court.

DISCUSSION

We have jurisdiction over appeals from the Veterans Court under 38 U.S.C. § 7292. Interpretation of the EAJA is a question of law, subject to *de novo* review.[1] *Kelly v. Nicholson*, 463 F.3d 1349, 1352 (Fed. Cir. 2006).

---

[1]    In relevant part, the EAJA provides:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other ex-

The primary purpose of the EAJA is to ensure that litigants "will not be deterred from seeking review of, or defending against, unjustified governmental action because of the expense involved." *Scarborough v. Principi*, 541 U.S. 401, 407 (2004) (citations and internal quotation marks omitted). The statute plays a particularly important role in the veterans' adjudicatory system:

> Removing [deterrents to seeking judicial review] is imperative in the veterans benefits context, which is intended to be uniquely pro-claimant, and in which veterans generally are not represented by counsel before the [regional office] and the board. [The] EAJA is a vital complement to this system designed to aid veterans, because it helps to ensure that they will seek an appeal when the VA has failed in its duty to aid them or has otherwise erroneously denied them the benefits that they have earned.

*Kelly*, 463 F.3d at 1353 (citations and internal quotation marks omitted).

"[A]n award of fees incurred in every stage of litigation is consistent with the legislative purpose of the EAJA

---

penses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

. . . ." *Fritz v. Principi*, 264 F.3d 1372, 1377 (Fed. Cir. 2001). Thus, a prevailing party in a veterans case is entitled to an award of fees not only for hours devoted to the underlying merits litigation, but also for attorney time reasonably expended defending an initial EAJA application. *Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 161-62 (1990) ("*Jean*"); *Fritz*, 264 F.3d at 1377. Fees awarded for the defense of an initial fee application are commonly referred to as "supplemental fees" or "fees on fees."

Wagner contends that the Veterans Court misinterpreted 28 U.S.C. § 2412(d)(1)(A) when it denied, in full, his petition seeking supplemental fees. He notes that he was partially successful in defending against the Secretary's challenge to his initial EAJA application, and argues that he should be awarded supplemental fees commensurate with the degree of success he achieved.

We agree. In *Jean*, the Supreme Court expressly rejected the argument that a claimant could be awarded supplemental fees only if the government's challenge to an initial EAJA application was not substantially justified. 496 U.S. at 158-62. The Court explained that "[a]ny given civil action can have numerous phases," but that "the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." *Id.* at 161-62. Recognizing that "requiring courts to make a separate finding of 'substantial justification' regarding the Government's opposition to fee requests would multiply litigation," *id.* at 163, the Court concluded that only one "threshold" determination that the government's position in the underlying merits litigation was not substantially justified is required, *id.* at 160. Accordingly, "a party who prevails in fee litigation under [the] EAJA may recover fees for legal services rendered during the fee litigation even if some of the

Government's positions regarding the proper fee were 'substantially justified,' *i.e.*, the district court need not make a second finding of no substantial justification before awarding fees for the fee contest itself." *Scarborough*, 541 U.S. at 419 n.6 (citing *Jean*, 496 U.S. at 160-62).

When calculating a supplemental fee award, a court is required to consider "the relationship between the amount of the fee awarded and the results obtained" through the initial EAJA application.[2] *Jean*, 496 U.S. at 163 n.10. Thus, supplemental fees should be denied "to the extent" that a claimant's defense of his original fee application proves unsuccessful. *Id.* Conversely, however, supplemental fees should be granted to the extent that a claimant successfully defends his original fee application. *See Fritz*, 264 F.3d at 1377 (emphasizing that a veteran is "entitled to attorney fees incurred throughout the litigation, including those incurred in preparation and defense of the fee application to the extent those fees are defensible" (footnote omitted)). To

---

[2]    The Court explained:

Because [*Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)] requires the district court to consider the relationship between the amount of the fee awarded and the results obtained, fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation. For example, if the Government's challenge to a requested rate for paralegal time resulted in the court's recalculating and reducing the award for paralegal time from the requested time, then the applicant should not receive fees for the time spent defending the higher rate.

*Jean*, 496 U.S. at 163 n.10.

deny a litigant all supplemental fees simply because the defense of his original fee application was not wholly successful unjustifiably dilutes the value of the original EAJA fee award and is contrary to the fundamental objectives of the EAJA. *See Orange Blossom Ltd. P'ship v. S. Cal. Sunbelt Developers, Inc.*, 608 F.3d 456, 463 (9th Cir. 2010) (explaining that "it would be inconsistent [with the purpose of fee-shifting statutes] to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee" (citations and internal quotation marks omitted)); *Prandini v. Nat'l Tea Co.*, 585 F.2d 47, 53 (3d Cir. 1978) ("If an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours expended on the case will be correspondingly decreased."); *see also Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1305 (11th Cir. 1988) ("To paraphrase the acute observation of baseball great Yogi Berra, a case ain't over till it's over. This means that . . . counsel are entitled to compensation until all benefits obtained by the litigation are in hand.").

Courts should look to the framework established in *Hensley*, 461 U.S. at 435-39, when calculating an appropriate supplemental fee award.[3] *See Jean*, 496 U.S. at 161-63. In setting the fee, "the most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436.

---

[3] Although *Hensley* involved the award of fees under the Civil Rights Attorney's Fees Act of 1976, 42 U.S.C. § 1988, the standards set forth for awarding attorney fees "are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley*, 461 U.S. at 433 n.7. Furthermore, although *Hensley* involved an initial fee application, the fee guidelines it provides are applicable to supplemental fee applications as well. *Jean*, 496 U.S. at 161-63.

Thus, where a claimant "has achieved only partial or limited success," a court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436-37. Because *Hensley* requires a court to calibrate the amount of attorney fees to the degree of success a claimant has achieved, it is generally appropriate to make an award of supplemental fees that is commensurate with the degree of success obtained on the original fee application. *See, e.g.*, *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 909 (9th Cir. 1995) (affirming an award of 50 percent of the supplemental fees sought by a claimant where she obtained approximately 50 percent of the fees claimed in her initial fee application); *Spellan v. Bd. of Educ.*, 69 F.3d 828, 829 (7th Cir. 1995) (emphasizing that a claimant's success on his original fee application "is a material consideration in adjudicating the amount of fees recoverable in litigating an attorneys' fee award"); *Thompson v. Gomez*, 45 F.3d 1365, 1367-69 (9th Cir. 1995) (concluding that a district court properly awarded 87 percent of the supplemental fees requested where claimants received 87 percent of the fees sought in their original fee application); *In re Burlington N., Inc. Emp't Practices Litig.*, 832 F.2d 430, 433-36 (7th Cir. 1987) (concluding that the district court properly reduced a fees on fees award based upon the degree of success obtained in the original fee litigation); *Harris v. McCarthy*, 790 F.2d 753, 758-59 (9th Cir. 1986) (affirming a district court's decision to award claimants 11.5 percent of their supplemental fee request since they had obtained only 11.5 percent of the fees requested in their original fee application); *Institutionalized Juveniles v. Sec'y of Pub. Welfare*, 758 F.2d 897, 924-25 (3d Cir. 1985) (concluding that the district court properly reduced fees on fees by 12.5 percent where claimants did not obtain complete success on their original fee application); *Mercer v. Duke*

*Univ.*, 301 F. Supp. 2d 454, 469 (M.D.N.C. 2004) (reducing a request for supplemental fees by 20 percent because the initial fee request was reduced by 20 percent), *aff'd*, 401 F.3d 199 (4th Cir. 2005).

Here, Wagner was partially successful in defending against the government's challenge to his initial fee application, and he is entitled to supplemental fees commensurate with the degree of success he achieved.[4] While "the relative degree of success in litigating for merits fees should bear upon the size of the fees-on-fees award," *Thompson*, 45 F.3d at 1368, there is no justification for denying a supplemental fee request in its entirety simply because the claimant's initial fee application was not wholly successful.

To be sure, a court has broad discretion in awarding attorney fees, *see Hensley*, 461 U.S. at 437, and is not bound, in all cases, to make an award of supplemental fees that is proportionate to the degree of success obtained on the original EAJA application. A litigant is only

---

[4] The Secretary challenged 27.4 of the hours claimed in Wagner's initial EAJA application, and the Veterans Court disallowed 18.8, or approximately 68.6 percent, of the challenged hours. Wagner asserts that when he submitted his application for supplemental fees, he reduced the hours claimed proportionately to his degree of success in defending his original fee application. On remand, the Veterans Court will have the opportunity to consider whether the supplemental fees sought by Wagner accurately reflect attorney hours reasonably devoted to the successful defense of the original fee application. We think it inappropriate to establish a blanket rule regarding whether the recovery of supplemental fees should be in proportion to the success obtained on the original EAJA application or the success in defending the contested fees. The considerations discussed in this opinion, however, should be taken into account on remand.

entitled to "reasonable" attorney fees, 28 U.S.C. § 2412(d)(2)(A), and in fashioning a reasonable supplemental fee award a court may properly discount any "[e]xorbitant" or "unfounded" fee applications. *Jean,* 496 U.S. at 163; *see also Fritz*, 264 F.3d at 1377 (emphasizing that a supplemental fee award can be reduced "to the extent that the applicant ultimately fails to prove justification for each item of fee claimed" or if the fee application is "procedurally defective"). On remand, the Veterans Court will have the opportunity to consider whether such factors warrant a reduction in Wagner's supplemental fee award. If the court decides to discount Wagner's supplemental fee request, however, it needs to provide a reasoned explanation as to why particular attorney hours should be excluded. *See Hensley,* 461 U.S. at 437 (explaining that a court must "provide a concise but clear explanation of its reasons for the fee award"); *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 213 (3d Cir. 2000) (emphasizing that a trial court cannot deny supplemental fees without providing an adequate explanation as to why such fees are "excessive, redundant [or] otherwise unnecessary" (citations and internal quotation marks omitted)).

In denying Wagner's application for supplemental fees, the Veterans Court stated that "[i]t would be anomalous to reduce an [initial EAJA] award by some $3,000 and then award nearly that amount to the losing party simply for putting up a fight." *Supplemental Fees Decision*, 2010 U.S. App. Vet. Claims LEXIS 197, at *3. We disagree. As the Supreme Court made clear in *Jean*, "[t]he EAJA applies to a wide range of awards in which the cost of litigating fee disputes would equal or exceed the cost of litigating the merits of the claim." 496 U.S. at 163-64 (footnote omitted). Thus, regardless of whether Wagner could recoup, through his supplemental fee

application, an amount that is nearly equal to the amount that he was denied on his original fee application, he is entitled to be compensated for all hours reasonably expended successfully defending his original fee request. *See id.* at 164-65 ("The Government's general interest in protecting the federal fisc is subordinate to the specific statutory goals of encouraging private parties to vindicate their rights and curbing excessive regulation and the unreasonable exercise of Government authority." (footnotes omitted) (citations and internal quotation marks omitted)).

## CONCLUSION

Accordingly, the judgment of the United States Court of Appeals for Veterans Claims is reversed and the case is remanded for further proceedings consistent with this opinion.

## COSTS

Wagner shall have his costs.

## REVERSED AND REMANDED