**Donald R. MASIAS, Petitioner,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
Respondent.

No. 99–697V.

United States Court of Federal Claims.

Oct. 5, 2012.

Robert T. Moxley, Robert T. Moxley, P.C., Cheyenne, WY, for Petitioner.

Catharine Elizabeth Reeves, Civil Division, United States Department of Justice, Washington, DC, for Respondent.

## OPINION AND ORDER

HODGES, Judge.

Petitioner seeks attorneys' fees for his unsuccessful appeal from this court and for his application to the Supreme Court for certiorari in a "fees on fees" vaccine case. Mr. Masias obtained a settlement from the Government in the merits case, then appealed the special master's denial of his request that the *Laffey* Matrix be used to calculate his attorney's fees. This court affirmed the special master's ruling that local fees in his attorney's home state were relevant for calculating a fee award, rather than those charged by attorneys in the District of Columbia area. The Court of Appeals for the Federal Circuit affirmed, and the United States Supreme Court denied his application for certiorari.

Mr. Masias returned to the special master requesting attorneys' fees for his appeal to the Federal Circuit and to the Supreme Court on the legal issue of appropriate venue for calculation of attorneys' fees. The special master ruled that petitioner was not entitled to fees for that appeal because the appeal was unsuccessful, citing *Wagner v. Shinseki*, 640 F.3d 1255 (Fed.Cir.2011). Petitioner argued in this court that the special master had no authority to establish a success-based test for awarding fees on fees, where no such limitation appears in the vaccine statute. We remand the special master's decision for reconsideration in light of the rulings necessary to this Opinion, for the reasons set forth below.

## BACKGROUND

This attorneys' fees litigation stems from petitioner's underlying claim that a hepatitis B vaccination caused his arthritis. His claim of entitlement and compensation was resolved by agreement of the parties. The special master has awarded attorneys' fees to petitioner three times, the most recent award having been made in 2010. Petitioner appealed that ruling to this court, where he sought higher fees based on District of Columbia rates instead of his attorney's locality rates in Wyoming. We affirmed the special master. Petitioner then appealed to the

Court of Appeals for the Federal Circuit, which also affirmed. Mr. Masias sought certiorari in the United States Supreme Court, and that petition was denied. Petitioner's current motion for review seeks attorneys' fees and costs related to those appeals.

The Vaccine Act fees statute provides:

(e) Attorneys' fees

(1) In awarding compensation on a petition filed under section 300aa–11 of this title the special master or court shall also award as part of such compensation an amount to cover—

(A) reasonable attorneys' fees, and

(B) other costs,

incurred in any proceeding on such petition. If the judgment of the United States Court of Federal Claims on such a petition does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.

42 U.S.C. § 300aa–15(e)(1). Because Mr. Masias was awarded compensation pursuant to a mediated settlement, his award for attorneys' fees and costs arising from the settlement is mandatory. *See id.* The special master has no discretion except as to reasonableness. Sections (e)(1)(A), adding attorneys' fees to petitioner's settlement award; and (B), covering other costs, state, "the special master or court *shall* also award ... reasonable attorneys' fees ... incurred in *any* proceeding on such petition." *Id.* (emphasis added). Considerations of good faith and reasonable basis do not apply where a petitioner is successful. The special master must award reasonable attorneys' fees and may not reduce reasonable fees for lack of good faith or reasonable basis.[1]

## THE SPECIAL MASTER'S RULING

█ This court reviews a special master's determination of attorneys' fees and costs with deference to the special master's discretion. *See Saxton v. Sec'y of the Dep't of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed.Cir.1993). However, where the special master's fees decision was based on a conclusion of law, the standard of review is "not in accordance with law." *Munn v. Sec'y of the Dep't of Health & Human Servs.*, 970 F.2d 863, 870 n. 10 (Fed.Cir.1992). This court reviews the special master's legal conclusions de novo. § 300aa–12(e)(2)(B).

The special master refused to award attorneys' fees to petitioner for his appeals to the Federal Circuit and to the Supreme Court because he applied the "degree of success" standard set forth in *Wagner v. Shinseki*, 640 F.3d 1255. *Wagner* arose in the United States Court of Appeals for Veterans Claims, where the court denied a veteran's request for fees on fees pursuant to the Equal Access to Justice Act. The Federal Circuit held on appeal that the petitioner should have been awarded supplemental fees "commensurate with the degree of success" achieved in his appeal. *Id.* at 1260. Petitioner's fee award was to be calculated by reducing the fees on fees by the same percentage as the court had reduced the original fee award according to reasonableness.

*Wagner* is an EAJA case, but the special master believed that the Federal Circuit's analysis was appropriately applied to the Vaccine Act because "similar language in the various fee-shifting statutes should be interpreted alike absent some indication to the contrary." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed.Cir. 2008). Mr. Masias achieved no success in his appeal to the Federal Circuit, as this court's ruling for respondent was affirmed. The special master concluded that petitioner was entitled to no fees because his degree of success was zero.

Petitioner contends that the special master erred by applying the "degree of success"

---

1. "Reasonable basis" here refers to legal basis; the special master's discretion to reduce fees remains with regard to reasonableness in applying the "lodestar" method of calculating attor-

neys' fees; *i.e.,* where an attorney charged too much on an hourly basis or charged too many hours considering the amount or quality of the work required.

standard from *Wagner* to his fee application. According to petitioner, the special master cannot establish a standard for considering fee applications that is not contemplated by the plain language of the Vaccine Act.[2]

## DISCUSSION

■ The rules of statutory construction require that a court give effect to the plain meaning of the law as enacted by Congress. The Vaccine Act calls for reasonable attorneys' fees in *any proceeding;* it does not exclude fees associated with appeals of fee decisions. No Federal Circuit precedent applies "degree of success" considerations to appeals of fee awards under the Vaccine Act.

■ The *Wagner* case relied on by respondent interprets another fee-shifting statute, the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). Defendant is certainly correct in asserting that fee-shifting statutes should be applied consistently where possible, but important distinctions between the Vaccine Act and EAJA must be recognized. The Vaccine Act requires that attorneys' fees be awarded where a petitioner is successful on the merits, including by settlement. It permits fee awards even if petitioner is unsuccessful. 42 U.S.C. § 300aa–15(e)(1). EAJA awards are available only to "prevailing parties" who meet certain net worth limitations. *See* 28 U.S.C. § 2412(d)(1)(A), (2)(B). Moreover, the awarding court must be satisfied that the Government did not have "substantially justifiable" defenses to the prevailing plaintiff's claim. § 2412(d)(1)(A). Such a standard is difficult for many plaintiffs to meet. Vaccine Act fee awards are guaranteed to prevailing petitioners, and reasonably common in cases where petitioners are unsuccessful; EAJA awards are subject to limitations that often are difficult for a prevailing plaintiff to overcome.

Respondent cites *Wagner* to support its argument that no fees should be awarded for unsuccessful appeals based on open legal issues.[3] Mr. Wagner appealed to the Veterans Court after the Board of Veterans' Appeals denied his benefits claim. *Wagner,* 640 F.3d at 1257. The Veterans Court ruled for Mr. Wagner and remanded the case to the Department of Veterans Affairs for reconsideration. Mr. Wagner filed an application for attorneys fees under EAJA, seeking $11,710.57 for 70.3 hours of attorney work. *Id.* The Secretary of Veterans Affairs challenged the fee request based on reasonableness. Wagner defended his original fee application and requested additional fees for time spent responding to the Government's challenge. The Veterans Court granted an EAJA award of $8,601.80, a 26.5 percent reduction from the amount requested. *Id.* at 1257–58.

Mr. Wagner then filed a revised fee application, arguing that he should be compensated to the extent that he was partially successful in defending his original fee application. The Veterans Court denied the application for supplemental fees. The Federal Circuit reversed and held that Mr. Wagner was entitled to be compensated for all hours reasonably expended successfully defending his original fee request. *Id.* at 1260. The court said that in setting the fee, "it is generally appropriate to make an

---

2. Petitioner asserts that the "degree of success" principle used to deny fees in this case is inconsistent with previous practice in the vaccine program; in fact, it would have foreclosed earlier awards by the same special master, even in this case. *See also Hall v. Sec'y of Health & Human Servs.,* No. 02–1052V, 2012 WL 604141 (Fed.Cl. Spec.Mstr. Feb. 3, 2012) ($54,000 in fees on fees awarded without opposition from the Government).

3. The special master cited with approval a nonprecedential order from the Federal Circuit in which a Vaccine Act petitioner had sought "an award of attorneys' fees following his unsuccessful appeal challenging the method of calculation and amount of attorney's fees he was awarded

under the [Act]." *Rodriguez v. Sec'y of Health & Human Servs.,* No. 2010–5093, Order of February 17, 2012 (Fed.Cir.) (per curiam). The Circuit denied his motion, referring to petitioner's request "for an award of attorney's fees for his unsuccessful appeal." *Id.* A trial court would use such an order as persuasive precedent if possible. *See* Fed. Cir. R. 32.1(d) ("[T]he court may ... look to a nonprecedential disposition for guidance or persuasive reasoning."). The ruling would be significant here, in that it may suggest that the Circuit agrees with respondent that fees should not be available for "unsuccessful" fee-decision appeals. However, that order included no factual background or context; its purpose was solely to dispose of the appeal.

award of supplemental fees that is commensurate with the degree of success obtained on the original fee application." *Id.*

The Federal Circuit cited and discussed cases from its sister circuits in which courts had allowed a percentage of supplemental fees commensurate with the percent of fees obtained from the original fee application. *Id.*[4] The cases discussed involved situations in which a fee award had been reduced at the discretion of the court based on reasonableness of the fees. The opinion did not include cases in which a lawyer challenged a legal aspect of fees doctrine and lost, nor was that the factual scenario presented by *Wagner.* The issue here is compensation for losing appeals based on issues of law. The *Wagner* rule cannot be applied to Mr. Masias' case absent a broader statement of petitioners' entitlement to attorneys' fees from the Federal Circuit.

## CONCLUSION

The Federal Circuit has stated that the Vaccine Act must be interpreted to assure that petitioners have access to effective counsel. *See, e.g., Avera,* 515 F.3d 1343, 1352 ("[O]ne of the underlying purposes of the Vaccine Act was to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."); *Saunders v. Sec'y of the Dep't of Health & Human Servs.,* 25 F.3d 1031, 1035–36 (Fed.Cir.1994) ("A secondary purpose of the Act is to ensure that vaccine-injury claimants will have readily available a competent bar to prosecute their claims under the Act."). To that end, members of the Vaccine Bar should be encouraged to seek clarification of doctrine by way of appeal, even regarding the availability of attorneys' fees. If the goal of Congress was to assure that petitioners have access to competent counsel who would protect their rights under the Act, then awarding fees necessary to pursue the Act's full potential seems appropriate. The language of the statute does not contemplate the fee-award limitations

proposed by the Government. If such limitations would have beneficial effects for the Vaccine Program, such as discouraging costly appeals with little likelihood of success, this would be a matter for Congress or the appellate court to consider.

Respondent suggests in its brief that even if petitioner is entitled to fees on fees, the amount requested is not reasonable for the work performed. The special master is ideally suited to resolve this dispute, given his familiarity with this case and his general expertise in applying the lodestar method pursuant to the Vaccine Act. We remand to the special master for his reconsideration of a fee award to petitioner based on reasonableness. This ruling does not direct award of attorneys' fees or any amount of fees. We hold only that the special master should not employ a standard that includes consideration of petitioner's degree of success in appealing a legal issue to the Federal Circuit and seeking review by the Supreme Court. If a petitioner's success on appeal was zero, his award for fees is not necessarily zero; the standard to apply is whether the fees were reasonable.

---

4. The Appeals Court cited, for example, *Schwarz v. Sec'y of Health & Human Servs.,* 73 F.3d 895, 909 (9th Cir.1995) (affirming an award of 50 percent of the supplemental fees sought by a claimant where she obtained approximately 50 percent of the fees claimed in her initial fee application) and *Thompson v. Gomez,* 45 F.3d 1365, 1367–69 (9th Cir.1995) (concluding a district court properly awarded 87 percent of supplemental fees requested where claimants received 87 percent of fees sought in original fees application).