790 F.2d 753
 5 Fed.R.Serv.3d 92
 Dr. Howell HARRIS, Dr. Michael A. Fahey, Edgar Leonard
Robinson, Rick A. Wigan, Charles Bergmeier, Zachary F.
Lillard, Howard Kearns, Joseph Navarro, Henry Fleming,
Robert Ladd, Edward E. Boyd, David Gonick, Edward Cornell,
Juan Lopez, Willie Keeton, Raymond Maldonado, Alexander
Montoya, Robert Sanchez Fierro, Kevin J. McCarthy, John
Burnside, Lawrence Ruzick, Evelyn Spencer as representative
of Alfornia Spencer, Plaintiffs-Appellants,
v.
D.J. McCARTHY, Supt.; Ruth Rushen, Dir.; Dr. J.R.
Chambers, W.J. Hendricks, V.M. Garcia, Joseph
Rossini, Juan Soto, and Harry Honzell,
Defendants-Appellees.
 No. 85-6028.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 9, 1986.
Decided May 27, 1986.
 
 Ronald M. Greenberg, Los Angeles, Cal., for plaintiffs-appellants.
 John Harrel, Donald Roeschke, Deputy Attys. Gen., Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before WRIGHT, NELSON, and KOZINSKI, Circuit Judges.
 NELSON, Circuit Judge:
 
 
 1
 Plaintiffs-appellants ("plaintiffs") appeal from a district court order awarding them partial attorney's fees under 42 U.S.C. Sec. 1988. They claim that the trial judge abused his discretion by (i) awarding them attorney's fees for only a fraction of the time they spent securing and monitoring a preliminary injunction in the underlying suit; (ii) awarding them only 11.5% of the amount sought in connection with their motion in pursuit of the award; and (iii) refusing to grant them attorney's fees in connection with their claim that the underlying suit had been a catalyst for change.
 
 
 2
 We conclude that the trial judge was acting within his discretion in each instance, and affirm his award of partial attorney's fees.
 
 FACTS
 
 3
 Plaintiffs, past and present inmates at the California Men's Colony ("CMC"), filed the underlying action in federal district court on December 22, 1981, seeking injunctive and monetary relief for violations of their civil rights. Specifically, they sought: (i) to enjoin defendants-appellees ("defendants") from allowing inmates to use toxic and hazardous products in their cells; (ii) to require defendants to provide adequate safety equipment, danger warnings, and proper ventilation throughout CMC, particularly in the "Shoe Factory"; (iii) to require defendants to comply with relevant health and safety regulations; (iv) to enjoin defendants from interfering with plaintiffs' communications with their attorneys; and (v) to recover damages for personal injury or death resulting from exposure to toxic and hazardous products.
 
 
 4
 On December 21, 1982, the district court issued a preliminary injunction "restraining the dissemination of the products in the residential areas, [and] prohibiting [d]efendants from interfering with the [p]laintiffs' reasonable access to communicate with counsel." The court noted that while the plaintiffs had "not made a conclusive showing of probable success on the merits," they had "shown some fair chance of success," and "the balance of hardships tip[ped] decidedly in their favor."
 
 
 5
 On July 2, 1984, the plaintiffs moved to dismiss the case so that they could pursue a single trial of all the issues in state court. The district court granted the motion without prejudice to the state court action, and dissolved the preliminary injunction. By then, defendants had made several changes in the CMC Shoe Factory, including the installation of new vents, the repair and relocation of equipment to improve ventilation, the procurement of organic masks for use by inmates, and the posting of safety warnings.
 
 
 6
 On October 1, 1984, plaintiffs filed their motion for attorney's fees. On May 24, 1985, the district court issued its order awarding plaintiffs partial attorney's fees. The court awarded $26,275.00 in connection with their pursuit of the preliminary injunction and $2,910.05 in connection with their pursuit of the section 1988 motion. At the same time, it rejected as unripe plaintiffs' request for additional attorney's fees in connection with their claim that the suit had been a catalyst for change in the CMC Shoe Factory. Plaintiffs timely filed their notice of appeal.
 
 ISSUES
 
 7
 I. Do we have jurisdiction over this appeal even though the district court failed to record its order in a separate document as required by Fed.R.Civ.P. 58, especially in light of the defendants' objection?
 
 
 8
 II. Did the district court abuse its discretion by awarding attorney's fees of only $26,275.00 for the plaintiffs' pursuit of the preliminary injunction?
 
 
 9
 III. Did the district court abuse its discretion by awarding attorney's fees of only $2,910.05 for the plaintiffs' pursuit of the section 1988 motion?
 
 
 10
 IV. Did the district court abuse its discretion by refusing to grant the plaintiffs an attorney's fee award in connection with their suit being a catalyst for change at CMC?
 
 STANDARD OF REVIEW
 
 11
 A district court's award of attorney's fees will not be disturbed absent an abuse of discretion. Rivera v. City of Riverside, 763 F.2d 1580, 1582 (9th Cir.1985) (Sec. 1988), cert. granted, --- U.S. ----, 106 S.Ct. 244, 88 L.Ed.2d 253 (1985); see also Probe v. State Teachers' Retirement System, 780 F.2d 776, 784 (9th Cir.1986) (Sec. 2000e-5(k)).
 
 DISCUSSION
 
 12
 * Separate-Judgment Requirement
 
 
 13
 Defendants argue that the panel must dismiss this appeal because the district court's order does not conform to Fed.R.Civ.P. 58's requirement that the judgment be set forth in a separate document. In Bankers Trust Co. v. Mallis, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), however, the Supreme Court held that the separate-judgment requirement is not jurisdictional. Its "sole purpose," explained the Court, is "to clarify when the time for appeal ... begins to run." Id. at 384, 98 S.Ct. at 1120. See also Beaudry Motor Co. v. Abko Properties, Inc., 780 F.2d 751, 755 n. 3 (9th Cir.1986) ("Th[e] purpose is to avoid the inequity of a party being denied the opportunity to appeal because of a failure to recognize which of several documents or docket entries constituted 'entry' of judgment."). Since the parties in Bankers Trust had waived the requirement, the appellate court's assertion of jurisdiction was deemed proper. See also French v. Merrill Lynch, Pierce, Fenner & Smith, 784 F.2d 902, 905 n. 2 (9th Cir.1986) (appeal taken where neither party objected to lack of separate judgment); Taylor Rental Corp. v. Oakley, 764 F.2d 720, 722 (9th Cir.1985) (same).
 
 
 14
 Here, the question is whether formal compliance with Rule 58 is necessary when the appellee asserts, rather than waives, the separate-judgment requirement. In Matter of Pacific Far East Line, Inc., 654 F.2d 664, 666 n. 2 (9th Cir.1981), we entertained an appeal despite the appellee's Rule 58 objections. More recently, however, the Fifth Circuit noted that any time an appellee raises a Rule 58 objection, the appeal should be dismissed without further inquiry. See Seal v. Pipeline, Inc., 724 F.2d 1166, 1167 (5th Cir.1984). We disagree. Inasmuch as the Rule's purpose is to clarify when the time for appeal begins to run, the better practice is to determine whether the appellee has been prejudiced by the district court's failure to mark formally, in a separate document, the date of its final judgment.[1] Where "nothing but delay would flow" from requiring the district court to enter a judgment "from which a timely appeal would then be taken," Bankers Trust, 435 U.S. at 385, 98 S.Ct. at 1120, the court should exercise its discretion to hear the appeal.
 
 
 15
 Here, defendants make no claim that they will be prejudiced by the district court's failure to enter a separate judgment. Indeed, they concede that if Harris is able to "secure a separate judgment, [they will] have no objection to [that judgment] being submitted ... along with a Notice of Appeal without further briefing ...." Accordingly, "[w]heels would spin for no practical purpose," Bankers Trust, 435 U.S. at 385, 98 S.Ct. at 1120, if the appeal were to be dismissed.[2] We proceed to the merits of this dispute.
 
 II
 
 16
 Attorney's Fees in Connection with Preliminary Injunction
 
 
 17
 Plaintiffs contend that the district court abused its discretion by awarding attorney's fees of only $26,275.00 in connection with their pursuit of the preliminary injunction. They focus upon the court's decision to reduce by approximately two-thirds the number of hours they claim were expended in securing and monitoring the injunction.
 
 
 18
 The threshold inquiry in an action to recover attorney's fees under 42 U.S.C. Sec. 1988 is whether the plaintiff is a "prevailing party." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Such an inquiry typically determines whether the plaintiff has " 'succeed[ed] on any significant issue in litigation which achieve[d] some of the benefit [it] sought in bringing suit.' " Id. (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir.1978)); see also Sethy v. Alameda County Water District, 602 F.2d 894, 897-98 (9th Cir.1979) (citing Nadeau with approval), cert. denied, 444 U.S. 1046, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980).
 
 
 19
 To be considered a "prevailing party" within the meaning of section 1988, the plaintiff need not have obtained a favorable final judgment. See Hanrahan v. Hampton, 446 U.S. 754, 757, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980) ("Congress contemplated the award of fees pendente lite in some cases."). Accordingly, the district court determined that its issuance of the preliminary injunction, without more, warranted an award of attorney's fees. For if what the plaintiffs set out to accomplish was to prohibit the dissemination of toxic products in residential areas and to stop the defendants from interfering with their communications with counsel, then the benefit they achieved was limited only by the temporary nature of their relief. In accordance with the typical formulation of the "prevailing plaintiff" inquiry, they "succeed[ed] on a[ ] significant issue in [the] litigation"--i.e., whether they were entitled to injunctive relief--and achieved some of the benefit they sought in bringing suit.[3]
 
 
 20
 Once the plaintiffs have crossed the "prevailing party" threshold,[4] the district court must determine a reasonable fee. That determination, the Supreme Court has held, requires an assessment of the "results obtained." Hensley, 461 U.S. at 434, 103 S.Ct. at 1939-40; see also id. at 440, 103 S.Ct. at 1943 ("[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. Sec. 1988."). Hence, we find no abuse of discretion in the district court's consideration of "the benefit received by ... the preliminary injunction."[5]
 
 
 21
 Of course, the "results obtained" is but one of the appropriate factors for the district court's consideration in a fee award determination. This circuit has held that in arriving at a reasonable fee, the court should consider:
 
 
 22
 (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases.
 
 
 23
 Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir.1975), cert. denied, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). Failure to consider these factors constitutes an abuse of discretion. Moore v. Jas. H. Matthews & Co., 682 F.2d 830, 838 (9th Cir.1982). However, the court need not discuss all of them in determining a reasonable fee. See, e.g., Toombs v. Leone, 777 F.2d 465, 472 (9th Cir.1985) ("That the court did not proceed ritualistically through Kerr 's twelve factors is not fatal to its [award] ... of attorney's fees."). Here, the district court opinion set out all of the factors and considered at least three of them explicitly. Besides noting the benefit obtained, the court found that the proposed billing rates were excessive,[6] and that the attorneys lacked special expertise in prison litigation. We cannot conclude that those factual findings are clearly erroneous. Accordingly, we hold that the district court acted within its discretion in reducing by approximately two-thirds the number of hours plaintiffs claim they expended in connection with the preliminary injunction.[7]
 
 III
 
 24
 Attorney's Fees in Connection with Section 1988 Motion
 
 
 25
 Plaintiffs requested $25,304.80 as attorney's fees incurred in connection with their section 1988 motion. By the trial judge's calculation, the $26,275.00 award he made in connection with plaintiffs' pursuit of the preliminary injunction represented 11.5% of plaintiffs' total request for fees related to substantive work on the case. He simply applied that percentage to plaintiffs' request for $25,304.80 to arrive at an award of $2,910.05.
 
 
 26
 Plaintiffs contend that there is "[a]bsolutely no [legal] basis" for the approach taken by the district court. We reject that contention. However preferable other methods of determining attorney's fees might be, this "rather cold mathematical approach," as the trial judge called it, is not an abuse of discretion. The percentage of the total claim allowed for substantive work is merely an arithmetic formulation of the extent to which the plaintiffs succeeded on their section 1988 motion. Such an assessment of the "results obtained," Hensley, 461 U.S. at 434, 103 S.Ct. at 1940, is entirely appropriate in the determination of a reasonable fee. See supra p. 757-58.
 
 IV
 
 27
 Attorney's Fees in Connection with Lawsuit's Catalytic Effect
 
 
 28
 The vindication of rights required for conferral of "prevailing party" status under section 1988 need not be obtained through judicial relief or consent decree. See Maher v. Gagne, 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980) (quoting S.Rep. No. 94-1011, p. 5 (1976), U.S. Code Cong. & Admin. News 1976, p. 5908). A district court may award attorney's fees to a plaintiff whose suit has prompted defendants to take action to satisfy his demands. See, e.g., Fields v. City of Tarpon Springs, 721 F.2d 318, 321 (11th Cir.1983); DeMier v. Gondles, 676 F.2d 92 (4th Cir.1982); Fischer v. Adams, 572 F.2d 406, 410 (1st Cir.1978); Evans v. Sheraton Park Hotel, 503 F.2d 177, 189 (D.C.Cir.1974). Cf. Hensley, 461 U.S. at 439 n. 15, 103 S.Ct. at 1942 n. 15 (implicitly acknowledging propriety of attorney's fee award when defendants have acted unilaterally). Plaintiffs contend that the district court abused its discretion here by refusing to consider whether their suit was a catalyst for the changes defendants made at CMC during the course of the litigation.
 
 
 29
 The district court declined to award attorney's fees under the "catalyst-for-change" theory because it considered a "prevailing party determination under th[at] ... theory [to be un]ripe." Inasmuch as plaintiffs were and are still "vigorously ... pursuing the issues in a California state court action," the court's decision was not an abuse of discretion. For not until this litigation is finally resolved will we know the extent to which plaintiffs' legal efforts changed the defendants' conduct.
 
 
 30
 Plaintiffs argue that their pursuit of a different aspect of the case in state court--namely, monetary rather than injunctive relief--entitles them to an award by the district court for the services they have rendered in the federal court action. They claim that the injunctive aspect of the case has been rendered essentially moot because of the changes implemented by defendants at CMC. Without passing on the merits of that contention, it is enough to say that the prayer for injunctive relief remained alive in the state court action when the district court issued the fee award. Further, even if the injunctive aspect of the case had been completely terminated, the continued existence of a damages claim would have brought the trial judge's refusal within the bounds of his discretion. The full measure of plaintiffs' legal efforts might be better gauged once all those efforts have ceased.
 
 
 31
 Plaintiffs also argue that California law may preclude state court consideration of attorney's fees directly relating to a federal court action when that action is "not a prerequisite to or necessary part of the state court suit." They dismiss as inapposite the California cases cited by the district judge wherein attorney's fees were awarded under section 1988. See Green v. Obledo, 161 Cal.App.3d 678, 207 Cal.Rptr. 830 (1984), --- U.S. ----, cert. denied, 106 S.Ct. 67, 88 L.Ed.2d 54 (1985); Filipino Accountants' Ass'n v. State Board of Accountancy, 155 Cal.App.3d 1023, 204 Cal.Rptr. 913 (1984). "None of those cases," explain the plaintiffs, "authorized a state court to award attorney's fees for work performed in a federal court."
 
 
 32
 In Webb v. Board of Education, --- U.S. ----, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985), the Supreme Court held that a "prevailing party" within the meaning of section 1988 was not entitled to a fee award for services rendered during school board hearings not required for pursuit of a section 1983 claim. Proceeding by analogy, plaintiffs assert that a state court need not compensate attorneys for services rendered during an unnecessary action in a different forum. Plaintiffs' reading of Webb is too expansive, however. The other-forum proceeding in Webb was not a civil rights action brought under federal law. Because Congress' authorization for attorney's fees under section 1988 covers only " 'an action or proceeding to enforce [certain federal civil rights statutes],' " 105 S.Ct. at 1928 (quoting 42 U.S.C. Sec. 1988), the district court could not award attorney's fees for a school board hearing that was "not any part of the proceedings to enforce" those statutes. Here, the other-forum proceeding (i.e., the federal court action) was an action to enforce section 1983. Thus, the Webb analogy fails to reach the facts of this case.
 
 
 33
 The district court did not abuse its discretion by denying attorney's fees for the catalytic effect of the federal court action. There is nothing to suggest that the California state courts cannot award such attorney's fees once the plaintiffs' claims are finally resolved.
 
 CONCLUSION
 
 34
 The district court's award of partial attorney's fees is
 
 
 35
 AFFIRMED.
 
 
 
 [1]
 An appellee could show prejudice, for example, by demonstrating that the district court intended to enter its final judgment on a certain date, and that the deadline for filing passed before the appellant filed his notice of appeal. The taking of an appeal where the appellant has not complied with the filing deadline is unfair to the appellee. The appellee has a right to know that, after a certain period of time, the judgment he obtained in the district court is secure. If a separate judgment is not entered by the district court and, as a result, the appellant is able to file an appeal after the prescribed period, the appellee would have suffered prejudice
 
 
 [2]
 Here, as in Bankers Trust, "the [d]istrict [c]ourt clearly evidenced its intent that the opinion and order from which an appeal was taken would represent the final decision in the case." 435 U.S. at 387. It entered the order in the docket and denied the plaintiffs' motion to stay the case while they pursued an action in state court. See Playtime Theaters, Inc. v. City of Renton, 748 F.2d 527, 538 n. 20 (9th Cir.1984), rev'd on other grounds, --- U.S. ----, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986)
 
 
 [3]
 In Hanrahan v. Hampton, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980), the Supreme Court held that the plaintiffs were not "prevailing parties" within the meaning of Sec. 1988 by virtue of some favorable interim rulings. Those rulings differ from the preliminary injunction issued here, however, in that they conferred upon the plaintiffs none of the substantive relief the plaintiffs sought in bringing their action. They merely put the plaintiffs in the same position the plaintiffs "would have occupied if they had simply defeated the defendants' motion for a directed verdict in the trial court." Id. at 759, 100 S.Ct. at 1990
 
 
 [4]
 The defendants do not contest the district court's resolution of this threshold inquiry. We mention it only to illuminate our analysis of the reasonableness of the district court's award
 
 
 [5]
 We construe the district court's statement that it issued the injunction "simply out of precaution" as a recognition by the court of the temporary nature of plaintiffs' relief
 
 
 [6]
 In Blum v. Stenson, 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984), the Supreme Court held that " 'reasonable fees' under Sec. 1988 are to be calculated according to the prevailing market rates in the relevant community ...." While the plaintiffs here put forth evidence tending to show that their proposed rates were comparable to prevailing market rates, the trial judge was entitled to rely upon the rates charged by the law firm "where the plaintiffs worked during the bulk of th[e] litigation," Harris v. McCarthy, No. CV 81-6429-ER, slip op. at 11 (C.D.Cal. May 24, 1985), to come up with his own schedule of prevailing market rates
 
 
 [7]
 The trial judge noted that he was reducing plaintiffs' "requested hours" by two-thirds in order to compensate for both "the unreasonably high number of hours" and "for the lack of special qualifications to justify charging exceptional rates." Given the number of hours plaintiffs purport to have expended in pursuit of the injunction, a two-thirds reduction in those hours would appear to result in an award of slightly less, or perhaps (depending on whether post-issuance monitoring is included or excluded from plaintiffs' proposed hours), slightly more than the $26,275.00 awarded by the court. The difference is so nominal as to render unwarranted a remand for another calculation