Maurice S. THOMPSON, Charles A. Green, John Gzikowski, Keith D. Williams, Ronald E. Lanphear, Chol Soo Lee, and Andrew E. Robertson, Individually and on behalf of all others similarly situated, Plaintiffs–Appellants,

v.

James GOMEZ, Director, California Department of Corrections; George Sumner, Warden, California State Prison at San Quentin, Defendants–Appellees.

No. 93–16650.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 1995.

Decided Jan. 25, 1995.

Sanford Jay Rosen, Rosen, Bien & Asaro, San Francisco, CA, for plaintiffs-appellants.

James M. Humes, Deputy Atty. Gen., San Francisco, CA, for defendants-appellees.

Before: ALDISERT *, GOODWIN, and SCHROEDER, Circuit Judges.

GOODWIN, Circuit Judge:

■ Title 42 U.S.C. § 1988 ("Fees Act") provides that in federal civil rights actions "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Recoverable attorney's fees may include fees incurred while doing work on the underlying merits of the action ("merits fees") as well as fees incurred while pursuing merits fees ("fees-on-fees"). *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir.1986). The district court ruled that plaintiffs could recover fees-on-fees only to the degree that their underlying application for merits fees

was successful. The issue in this case is whether the district court erred.

### I.

In 1979, plaintiffs filed the underlying class action pursuant to 42 U.S.C. § 1983, on behalf of condemned prisoners at San Quentin State Prison. In 1980, the district court approved a consent decree that requires the defendants to improve prison housing conditions. The defendants' duty is a continuing one. A court-appointed monitor and the plaintiffs oversee the consent decree.

Periodically, the plaintiffs submit applications for recovery of fees earned while overseeing implementation of the consent decree. These are the "merits fees." Plaintiffs (who are attorneys) do not litigate issues concerning their merits fees themselves. Instead, they have retained "special fees counsel" who litigate those issues for them. Of course, "special fees counsel" have to eat too. The fees they earn while litigating the plaintiffs' merits fees are the "fees-on-fees."

In December 1989, plaintiffs submitted an application for recovery of most of the fees that had been incurred up to that time. Defendants objected to some of the plaintiffs' billing practices. On December 12, 1990, the parties settled the matter with the blessing of a magistrate judge. The plaintiffs ultimately obtained approximately 87.2% of the amount originally sought.

In July 1992, plaintiffs submitted a fees claim that picked up where the December 1990 settlement had left off. This claim sought merits fees owed since October 1989, and fees-on-fees owed since September 1990. The defendants paid what fees they considered undisputed, but objected to other fees. Their chief objection was to plaintiffs' demand for 100% of the fees-on-fees generated from September 1990 until the December 12, 1990 settlement date. Since plaintiffs had been only 87.2% successful on their underlying merits fees claim, the defendants argued that plaintiffs should recover no more than 87.2% of their fees-on-fees.

---

* Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

In February 1993, plaintiffs moved to compel payment of the disputed portions of the fees statement. In June 1993, the magistrate judge recommended that plaintiffs be awarded only 87.2% of the fees-on-fees requested for work done between September 1990 and December 12, 1990. The magistrate judge agreed with the defendants that plaintiffs should not be reimbursed for the proportionate amount of fees-on-fees incurred to recover unsuccessful fee demands. The magistrate judge then proposed the order that "[p]laintiffs' [fees-on-fees], now and in the future, will be subject to a reduction in proportion to the amount actually awarded for merits work in the underlying action."

The district court approved the magistrate judge's recommendation on July 29, 1993. The district court concluded that it had discretion to order the arithmetic reduction of fees-on-fees for attorney time spent pursuing unsuccessful merits fees requests,[1] then did so.

## II.

■ In the typical case, this court reviews the fee award for abuse of discretion. *Stewart v. Gates*, 987 F.2d 1450, 1452 (9th Cir. 1993). Because the district court applied an arithmetic formula to reduce future as well as past fees-on-fees, plaintiffs argue that this case is not typical and the court's review is *de novo*.

■ Certainly, we consider *de novo* the question whether the legal principles for recovering attorney's fees laid out in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) apply to requests for fees-on-fees—and we conclude that *Hensley's* principles do apply. But that does not settle the matter, because we must further determine whether the district court kept faith with *Hensley* when it reduced the plaintiffs' fee. *Hensley* holds that a fee award may be reduced to make it "reasonable in relation to the success achieved." 461 U.S. at 436, 103 S.Ct. at 1941. In *Harris v. McCarthy*, 790 F.2d 753, 759 (9th Cir.1986), we applied an abuse of discretion standard to review the

district court's decision to reduce fees-on-fees in the proportion it reduced merits fees. We draw no distinction between a decision to apply those principles of proportionate reduction to fees applications already before the district court, and a decision to apply those same principles prospectively, to applications not yet presented to the district court. Consequently, we follow *Harris* and review for abuse of discretion.

## III.

■ *Hensley* applies to requests for fees-on-fees, and its principles support the district court's decision not to award fees-on-fees for time spent pursuing unsuccessful merits fees demands.

## A.

In *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990), the Supreme Court considered the district court's range of discretion to discount a fees-on-fees request in suits brought under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). The Court explained that "[e]xhorbitant, unfounded, or procedurally defective fee applications—like any other improper position that may unreasonably protract proceedings—are matters that the district court can recognize and discount." *Id.* at 163, 110 S.Ct. at 2321. In a footnote, the Court explicitly discussed how the district courts should apply *Hensley* to requests for fees-on-fees:

> Because *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983), requires the district court to consider the relationship between the amount of the fee awarded and the results obtained, *fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation.* For example, if the Government's challenge to a requested rate for paralegal time resulted in the court's recalculating and reducing the award for paralegal time from the requested amount, then the appli-

---

1. The district court illustrated the arithmetic reduction with this example: "if Plaintiffs request $1000 in merit fees, but are only awarded $500, then any attorneys' fees generated in litigating the merit fees would be reduced by 50%." (ER. 141)

cant should not receive fees for the time spent defending the higher rate.

*Id.* n. 10. (Emphasis added).

By recognizing that the relative degree of success in litigating for merits fees should bear upon the size of the fees-on-fees award, *Jean* supports our circuit's decision in *Harris.* In *Harris,* the plaintiffs received 11.5% of the merits fees they had sought, then asked for 100% of the fees-on-fees they had generated while litigating the merits fees issue. 790 F.2d at 758–59. The district court "simply applied that percentage [11.5%] to plaintiffs' request [for fees-on-fees.]" *Id.* at 759. We stated that the district court did not abuse its discretion:

> The percentage of the total claim allowed for substantive work is merely an arithmetic formulation of the extent to which the plaintiffs succeeded on their section 1988 motion. Such an assessment of the "results obtained," *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1940, is entirely appropriate in the determination of a reasonable fee.

*Id.* See *Institutionalized Juveniles v. Secretary of Public Welfare,* 758 F.2d 897, 924–25 (3d Cir.1985) (*Hensley* applies to requests for fees-on-fees, and the district court did not abuse its discretion in disallowing by a factor of .125 fees-on-fees for unsuccessful merits fees); *In re Burlington Northern, Inc.,* 832 F.2d 430, 434 (7th Cir.1987) (*Hensley* applies to requests for fees-on-fees, and the district court did not abuse its discretion in reducing fees-on-fees when counsel's success in litigating the merits fees had been limited); *see also Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 958 (1st Cir.1984) (denying fees-on-fees incurred while litigating unsuccessful merits fees application).

### B.

■ Plaintiffs therefore are correct that *Hensley* applies to fees-on-fees awards, but are wrong in thinking that *Hensley* requires reversal in this case. Plaintiffs reason that they achieved "excellent results" on their merits fee application, because the district court disallowed only 12.8% of it, and therefore "should recover a fully compensatory fee." They focus on language from *Hensley* counseling that *merits fees* should not be reduced simply because the court rejected or failed to reach certain alternative legal grounds raised in the lawsuit:

> Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

461 U.S. at 435, 103 S.Ct. at 1940. Plaintiffs cite a number of other cases that also consider the relationship between a substantially successful claim and its corresponding *merits fees.* The cases are not on point.

The litigant who raises several alternative legal theories, prevails on only one, yet achieves the desired remedy obviously stands in different shoes than the fees litigant who pens in several billing entries, prevails on only some, and receives less than the requested amount. If *Hensley* required defendants to pay 100 pennies on the dollar in fees-on-fees for every twelve pennies they successfully trim from merits fees, defendants would have little incentive to raise legitimate objections to improper billing entries, and plaintiffs would have every incentive to feather their nests. *See Grendel's Den,* 749 F.2d at 958 (Since 8 hours of a 136 hour fees-on-fees petition were spent on an unsuccessful merits fees application, granting special fees counsel fees-on-fees for those 8 hours "would stand the Fees Act on its head and encourage the filing of nonmeritorious claims for fees.").

Apposite authority makes it very clear that *Hensley* did not create these perverse incentives. Fees for fee litigation are excludable, not only when the applicant has had "extremely limited success on merits fees," as plaintiffs argue, but in all cases "*to the extent* that the applicant ultimately fails to prevail in such litigation." *Jean,* 496 U.S. at 163 n. 10, 110 S.Ct. at 2321 n. 10 (emphasis added). The district court's formula for reducing fees-on-fees, now and on future fees applications, was not an abuse of discretion.

### IV.

■ Plaintiffs seek attorney's fees for work performed on this appeal. Fees may

be awarded for work performed on successful appeals of the district court's award, but not for unsuccessful ones. *Stewart,* 987 F.2d at 1454.

## V.

The judgment is AFFIRMED. Each party shall bear its own costs.