154 F.3d 986
 58 Soc.Sec.Rep.Ser. 180, 98 Cal. Daily Op.
Serv. 6762,
98 Daily Journal D.A.R. 9407
Harold ATKINS, Plaintiff-Appellee,
v.
Kenneth S. APFEL,* Commissioner, Social
Security Administration, Defendant-Appellant.
Nos. 96-35756, 96-36001.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 6, 1998.
Decided Aug. 31, 1998.
 
 Mary K. Doyle, United States Department of Justice, Washington, DC, for defendant-appellant.
 Ralph Wilborn, Eugene, OR, for plaintiff-appellee.
 Appeals from the United States District Court for the District of Oregon; Helen J. Frye, District Judge, Presiding. D.C. No. CV-92-01650 HJF.
 Before: PREGERSON, TROTT, and TASHIMA, Circuit Judges.
 TASHIMA, Circuit Judge:
 
 
 1
 The issue before this court in these consolidated appeals is whether the Supreme Court's decision in Commissioner, INS v. Jean, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990), limited the application of the "results obtained" analysis of Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), in cases involving the Equal Access to Justice Act (EAJA). The Commissioner claims that the district court abused its discretion when it awarded Plaintiff approximately $10,000 in attorney's fees for an unsuccessful appeal without regard to the results obtained on that appeal. We conclude that a district court must consider the results obtained, as required by Hensley, when determining whether EAJA fees requested by a prevailing party for an unsuccessful appeal are reasonable.BACKGROUND
 
 
 2
 Plaintiff Harold Atkins (Plaintiff) applied for disability insurance benefits under Title II of the Social Security Act. The Social Security Administration (Commissioner) concluded that he was ineligible for benefits, and Plaintiff sought judicial review of the agency's decision in the district court. The district court concluded that the administrative law judge had erred by (1) applying a different exertional level than that set forth in the Dictionary of Occupational Titles, and (2) posing a hypothetical question to a vocational expert which did not include the Plaintiff's visual impairment. It vacated the Commissioner's decision and remanded the case to the agency. Atkins v. Shalala, 837 F.Supp. 318 (D.Or.1993).
 
 
 3
 Despite prevailing in the district court to the extent that the agency decision was vacated and the case remanded, Plaintiff appealed to the Court of Appeals, again claiming that he was entitled to an outright award of benefits, rather than a remand. We affirmed the district court's decision. Atkins v. Shalala, 61 F.3d 751 (9th Cir.1995). Both parties filed petitions for rehearing. We denied the petitions, but modified the panel opinion, at the Commissioner's request, in light of new precedent on the issue of whether the exertional classifications in the Dictionary of Occupational Titles can be rebutted. Atkins v. Chater, 70 F.3d 529 (9th Cir.1995). Plaintiff's position was not advanced by the appeal.
 
 
 4
 After the district court's decision was affirmed, Plaintiff sought attorney's fees and expenses under the EAJA, 28 U.S.C. § 2412(d)(1)(A). Plaintiff initially requested $14,480.95, approximately $4,000 of which had been expended in the district court litigation and $10,000 on appeal. The Commissioner opposed the request for appellate fees and expenses. Nonetheless, the district court awarded Plaintiff the full amount requested, $14,480.95. The Commissioner appeals this order in No. 96-35756. Plaintiff then filed two supplemental applications for fees to cover the additional cost of litigating the fees award in the district court. Plaintiff requested $4,324.79 and $396.08, and the district court awarded Plaintiff those amounts as well. The Commissioner appeals that order in No. 96-36001. The total amount awarded in attorney's fees and expenses was $19,210.82.
 
 STANDARD OF REVIEW
 
 5
 The amount of attorney's fees awarded under the EAJA by the district court is reviewed for an abuse of discretion. Brown v. Sullivan, 916 F.2d 492, 495 (9th Cir.1990). A district court abuses its discretion if it bases its decision on an erroneous legal conclusion or on a clearly erroneous finding of fact. United States v. Rubin, 97 F.3d 373, 375 (9th Cir.1996). Issues involving the interpretation of the EAJA are reviewed de novo. Id.
 
 DISCUSSION
 A. The Equal Access to Justice Act
 The EAJA provides:
 
 6
 [A] court shall award to a prevailing party other than the United States fees and other expenses ..., incurred by that party in an civil action (other than cases sounding in tort) including proceedings for judicial review of agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 7
 28 U.S.C. § 2412(d)(1)(A) (emphasis added). "Fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). Under the EAJA, attorney's fees are set at the market rate, but capped at $125 per hour. Id. The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party "unduly and unreasonably protracted" the final resolution of the case. 28 U.S.C. §§ 2412(d)(1)(C), 2412(d)(2)(D).
 
 
 8
 In this case, it is undisputed that Plaintiff is a "prevailing party," that the position of the Commissioner was not substantially justified, and that Plaintiff did not "unduly and unreasonably" protract the litigation of the case. In a word, it is undisputed that Plaintiff was entitled to reasonable attorney's fees. The issue is whether $19,210.82 is a reasonable amount for the expenses and fees in this case.
 
 
 9
 The Commissioner contends that the amount awarded was not reasonable. He argues that the district court abused its discretion by not considering the results obtained by the appeal, as required by Hensley, before awarding Plaintiff all of the fees and expenses requested. We agree.
 
 B. The Hensley and Jean Decisions
 
 10
 Hensley involved 42 U.S.C. § 1988 (Fees Act), which provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 461 U.S. at 426, 103 S.Ct. 1933. In Hensley, the Court set out to "clarify the proper relationship of the results obtained to an award of attorney's fees." Id. at 432, 103 S.Ct. 1933. The Court concluded that a "reasonable fee" requires more inquiry by a district court than finding the "product of reasonable hours times a reasonable rate." Id. at 434, 103 S.Ct. 1933. The district court must also consider the "results obtained." The Court stated:
 
 
 11
 [The results obtained] factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?
 
 Id. The Court continued:
 
 12
 When an adjustment [in fees] is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained.
 
 
 13
 461 U.S. at 437, 103 S.Ct. 1933.
 
 
 14
 In Clark v. City of Los Angeles, 803 F.2d 987, 993 (9th Cir.1986), a Fees Act case, we denied the plaintiffs' request for fees associated with an unsuccessful appeal because "[a]lthough they were prevailing parties in the case overall, it is clear that nothing associated with the appeal contributed to any favorable result achieved by the litigation." See also Outdoor Sys., Inc. v. City of Mesa, 997 F.2d 604, 619 (9th Cir.1993) (Under Hensley, a district court may "disallow any fees for time spent litigating the case after the last benefit won from the defendant.") (citation omitted). If Hensley is applicable, under Ninth Circuit precedent, a prevailing party who pursues an appeal which results in no further benefit would not be entitled to the fees and costs associated with that appeal.
 
 
 15
 Although Hensley did not involve the EAJA, the Court pointedly noted: "The standards set forth in this opinion are generally applicable in all cases which Congress has authorized an award of fees to a 'prevailing party.' " 461 U.S. at 433 n. 7, 103 S.Ct. 1933. In Jean, the Supreme Court made it clear that Hensley applies to EAJA cases. The Court stated:
 
 
 16
 [O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in Hensley. See id. [461 U.S.] at 433-437 [103 S.Ct. 1933].
 
 
 17
 496 U.S. at 161. The cited pages from Hensley include the discussion regarding the need to consider the results obtained when determining a reasonable fee award. In Jean, the Court stated that the district court's task in determining the reasonableness of an award is "essentially the same as that described in Hensley," and the EAJA "prescribes a similar flexibility." 496 U.S. at 161, 110 S.Ct. 2316 (emphasis added). Plaintiff insists that, because the analysis is not exactly the same as under Hensley, Hensley's "results obtained" analysis does not apply at all. Plaintiff misinterprets Jean.
 
 
 18
 In Jean, the question was whether a prevailing party under the EAJA was entitled to fees for the litigation over the fees (fees on fees). The government argued that, although its position was not substantially justified in the underlying merits litigation, it was substantially justified in its opposition to the amount of the attorney's fees requested and, therefore, under § 2412(d)(1)(A), the plaintiff was ineligible for fees on fees. The Court held that the "substantial justification" requirement is a single finding that operates as a threshold for determining EAJA eligibility. Therefore, a second substantial justification finding was not required before fees on fees could be awarded.
 
 
 19
 The Court stated that the issue in Jean was narrow, "[o]nly the application of the 'substantially justified' condition is at issue," 496 U.S. at 158, 110 S.Ct. 2316, and not the amount appropriately awarded for the fees on the fee litigation. The Court concluded that the fees litigation was a part of the "civil action" covered by the EAJA, and "only one threshold determination for the entire civil action is to be made." Id. at 159, 110 S.Ct. 2316. Then the Court stated:
 
 
 20
 As we held in Hensley. ., the "prevailing party" requirement is "a generous formulation that brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is 'reasonable.' " Similarly, once a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as described in Hensley.
 
 
 21
 Jean, 496 U.S. at 160-61, 110 S.Ct. 2316 (citations omitted).
 
 
 22
 Plaintiff argues that, because he met the eligibility requirements of the EAJA he is entitled to all of the fees requested. Plaintiff further argues that, as a matter of law, he is entitled to the entire amount requested because counsel spent a reasonable number of hours preparing the case and he did not unduly protract the litigation. Plaintiff notes that both the Fees Act and the EAJA permit the award of "reasonable" attorney's fees, but claims that the definition of a "reasonable" attorney's fee is explicitly defined in the EAJA, unlike the Fees Act, as the "market rate," capped at $125 per hour. Taking a reasonable rate and multiplying it by a reasonable amount of expended hours, Plaintiff argues, is the only task left to the district court under the EAJA. We disagree.
 
 
 23
 Although Plaintiff is correct that, under Jean, he is eligible for all of those fees, that eligibility only gets him "across the statutory threshold," id. at 160, 110 S.Ct. 2316; it does not automatically result in an award. As Hensley specifically stated, there is more to deciding what is a "reasonable" fee than calculating a reasonable expenditure of hours times a reasonable rate.
 
 
 24
 Plaintiff notes that the Court in Jean, when comparing the amount of discretion a court has to determine the amount of a fee award under the EAJA versus the Fees Act, stated that the EAJA "prescribes a similar flexibility" but then cited only to § 2412(d)(1)(C), which gives courts the discretion to reduce or eliminate an award for dilatory conduct. This, Plaintiff argues, is the total extent of the flexibility permitted under the EAJA. It seems highly unlikely, however, that the Court would compare the EAJA to Hensley, state that determining the reasonableness of a fee is essentially the same under the EAJA as described in Hensley, but then conclude, without explicitly saying so, that all fees, other than those resulting from dilatory conduct, are per se reasonable and that the Hensley "results obtained" analysis does not apply. We disagree with Plaintiff's analysis of Jean and conclude that the district court was required to consider the results achieved on appeal when determining whether those fees were reasonable.[1]
 
 
 25
 C. Did the District Court Abuse its Discretion?
 
 
 26
 The Commissioner opposed the requested fees for appellate work because Plaintiff pursued an unsuccessful appeal. The district court should "make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." Hensley, 461 U.S. at 437, 103 S.Ct. 1933. The district court, citing Jean, failed to consider the results obtained on the appeal because it apparently believed that, absent dilatory conduct, it was required to award Plaintiff the full amount requested without regard to the success of the appeal. We conclude that the district court abused its discretion by failing to consider the results obtained on appeal.
 
 
 27
 The Commissioner also opposed the award of $4,720.87 for the fees on fees litigation. The Court has noted that Hensley's results obtained analysis applies to such fees as well and that "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." Jean, 496 U.S. at 163 n. 10, 110 S.Ct. 2316; see also Schwarz v. Secretary of Health and Human Serv., 73 F.3d 895, 909 (9th Cir.1995); Thompson v. Gomez, 45 F.3d 1365, 1367-68 (9th Cir.1995). Thus, on remand, the district court should also apply the results obtained analysis to Plaintiff's request for fees on fees.
 
 CONCLUSION
 
 28
 The district court's orders awarding $19,210.82 in fees and expenses is vacated. This case is remanded to the district court for a redetermination of a "reasonable" fee award, after giving due consideration to the results obtained by Plaintiff in the underlying appeal, and in the fees on fees litigation, as required by Hensley.
 
 
 29
 VACATED and REMANDED.
 
 
 
 *
 Kenneth S. Apfel, Commissioner, Social Security Administration, is substituted in the place and stead of his predecessor Shirley S. Chater, pursuant to Fed. R.App. P. 43(c)(1)
 
 
 [1]
 There will be situations where a "prevailing party" should be fully compensated for the fees and expenses associated with an appeal that did not lead to any further benefit. For example, if the government appealed a case and the plaintiff was required to defend a district court victory, the plaintiff, of course, would be entitled to fees for the appeal