**Harold ATKINS, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner, Social Security Administration, Defendant.**

**No. Civ.A. 92–1650–FR.**

United States District Court, D. Oregon.

April 22, 1999.

Ralph Wilborn, Ralph Wilborn and Etta L. Wilborn, P.C., Eugene, OR, for plaintiff.

Kristine Olson, United States Attorney, William W. Youngman, Assistant United States Attorney, Portland, OR, Richard H. Wetmore, Special Assistant United States Attorney, Seattle, WA, for defendant.

## OPINION AND ORDER

FRYE, District Judge.

The matters before the court are the applications of the plaintiff, Harold Atkins, for attorney fees and responses pursuant to the Equal Access to Justice Act (# 28, # 29, # 46 and # 53) on remand.

## BACKGROUND

On November 15, 1993, this court entered a judgment vacating the decision of the Secretary and remanding this case to the Administrative Law Judge (ALJ) to render findings as to step four and five of the sequential analysis in accordance with the opinion of this court. *Atkins v. Shalala,* 837 F.Supp. 318 (D.Or.1993).

Atkins filed an appeal from the judgment of this court to the United States Court of Appeals for the Ninth Circuit claiming that he was entitled to an outright award of benefits, rather than a remand to the ALJ.

On August 9, 1995, the Court of Appeals affirmed the decision of this court as "correct in all aspects." *Atkins v. Shalala,* 61 F.3d 751 (9th Cir.1995).

After the Court of Appeals had affirmed the judgment entered by this court, Atkins sought an award of attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). Atkins initially requested $14,480.95, ap-

proximately $4,000 of which had been expended in the litigation before this court and $10,000 on appeal. The Commissioner opposed Atkins' request for attorney fees and expenses on appeal. This court awarded Atkins the total amount he had requested. In addition, this court awarded Atkins two supplemental applications to cover the additional costs of litigating the attorney fee award in this court, for a total of $19,210.82 in attorney fees and expenses.

The Commissioner appealed the award of attorney fees and expenses on the grounds that the attorney fees on appeal and all subsequent attorney fees were not reasonable. The Court of Appeals vacated the order of this court awarding $19,210.82 in attorney fees and expenses and "remanded to the district court for a redetermination of a 'reasonable' fee award, after giving due consideration to the results obtained by Plaintiff in the underlying appeal, and in the fees on fees litigation, as required by *Hensley [v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ]." *Atkins v. Apfel,* 154 F.3d 986 (9th Cir.1998).

## CONTENTIONS OF THE PARTIES

Atkins contends that although he did not achieve an outright reversal and award of benefits on appeal, he did re-establish his prevailing party status. Atkins contends that the "results obtained" analysis under *Hensley* is but one factor for this court to consider, and that a reasonable attorney fee for the appeal on the merits of the appellate litigation is three-fourths of that requested in the original fee petition.

The Commissioner contends that Atkins may not be compensated for his unsuccessful appeal or the supplemental fee applications. The Commissioner contends that the court should limit the award of attorney fees to $3,951.01 under the EAJA, these being the attorney fees incurred in the district court to obtain the initial remand to the Commissioner.

## ANALYSIS

The United States Court of Appeals for the Ninth Circuit directed this court on remand to consider "the relationship between the amount of the fee awarded and the results obtained." *Atkins,* 154 F.3d at 989 (quoting *Hensley,* 461 U.S. at 437, 103 S.Ct. 1933). The Court of Appeals stated that "under Ninth Circuit precedent, a prevailing party who pursues an appeal which results in no further benefit would not be entitled to the fees and costs associated with that appeal." *Atkins,* 154 F.3d at 988. The Court of Appeals further stated that the "[p]laintiff's position was not advanced by the appeal." *Id.* at 987.

This court concludes that attorney fees and costs awarded under the EAJA should be limited to a reasonable sum for the legal services provided in the district court in obtaining the remand to the Commissioner. On November 15, 1993, this court vacated the Commissioner's decision that Atkins was not entitled to social security benefits and remanded the case to the agency for further proceedings. At this point, the attorney fees and costs amounted to $3,951.01. The additional sums expended on the appeal by Atkins did not enhance the result obtained by him in any way.

The court concludes that $3,951.01 is a reasonable fee for the result obtained by Atkins, which was a remand to the Commissioner. The monies expended on the unsuccessful appeal brought no benefit to Atkins. The court will not award the supplemental amounts requested because "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." *Atkins,* 154 F.3d at 990 (quoting *Commissioner, INS v. Jean,* 496 U.S. 154, 163, n. 10, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990)).

## CONCLUSION

The plaintiff's applications for attorney fees and costs (# 28, # 29) are GRANTED in the amount of $3,951.01 and otherwise

DENIED. The plaintiff's supplemental applications for attorney fees and costs (# 46, # 53) are DENIED.

IT IS SO ORDERED.