UNITED STATES of America,
Plaintiff–Appellee,

Innovair Aviation Ltd., Claimant–
Appellant,

v.

BASLER TURBO–67 CONVERSION DC–3 AIRCRAFT, FAA Registration Number N8059P, et al., Defendants.

No. 00–17150.

D.C. No. CV–90–01827–RCB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 15, 2002.

Decided April 30, 2002.

---

[redacted]

Before HUG and TASHIMA, Circuit Judges and SEDWICK,* District Judge.

MEMORANDUM **

The district court granted Innovair Aviation Limited ("Innovair") $113,584.41 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Innovair timely appealed, alleging that the district court made various errors in determining the amount for the fee award. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part and remand. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Innovair raises four challenges to the district court's award. First, the company argues that the district court erred under *Commissioner, INS v. Jean,* 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990), by conducting two "substantial justification" inquiries in determining the fee award. Second, Innovair claims that the district court clearly erred in finding that the government did not act in bad faith—a finding that the district court relied upon in deciding to deny an upward departure from the statutory hourly rate for attorneys' fees set out in the EAJA. *See Brown v. Sullivan,* 916 F.2d 492, 495 (9th Cir.1990) (stating that a district court's finding regarding a party's bad faith is reviewed for clear error). Third, Innovair argues that the district court abused its discretion in setting the amount of the fee award to the extent that it misapplied the rules for fee calculation set forth in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). *See United States v. One 1997 Toyota Land Cruiser,* 248 F.3d 899, 903 (9th Cir.2001) (noting that fee awards under the EAJA are reviewed for an abuse of discretion). Finally, the com-

* Honorable John W. Sedwick, United States District Judge for the District of Alaska.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

pany asserts that the district court erred by failing to include any amount for Innovair's expenses in the fee award.

■ We cannot accept Innovair's first challenge to the district court's award. We recognize that the section of the opinion setting out the court's substantial justification inquiry and discussion of *Jean* is potentially confusing. However, when read in its entirety, it seems that this portion of the court's opinion was designed to explain that while *Jean* mandates a single substantial justification inquiry when determining fee eligibility, *Jean* does not prohibit consideration of the success of the government's case at various stages of the litigation when determining the size of the fee award. Thus, we believe that the district court did not violate the single inquiry rule of *Jean*, and we decline to reverse on this basis.

■ Neither will we reverse on the basis of Innovair's second challenge to the court's fee award. To obtain reversal on the basis of its second claim, Innovair must leave us with a definite and firm conviction that the district court erred in deciding that the government did not act in bad faith.[1] This Innovair cannot do. It is true that the government seized Innovair's assets, despite knowing that the company was an innocent owner. Furthermore, it seems fair to say that some of the arguments relied upon by the government to avoid return of the assets were frivolous. However, as the district court noted, for the most part the government's actions before and during the litigation were justified by judicial sanction, by the law as it stood at the time of the seizure, and by the demands of litigating a complex case that spanned a ten year period and multiple jurisdictions. As such, we do not have a firm conviction that the district court erred in finding an absence of bad faith on the part of the government, and we decline to reverse the district court on this ground.

While Innovair's first two arguments are unpersuasive, there is merit to the company's claim that the district court misapplied *Hensley*. Once a party establishes eligibility for a fee award under the EAJA, the district court must determine an appropriate amount for the award by applying the standards set forth in *Hensley*. Under *Hensley*, the most important factor in setting the size of the award is the degree of success obtained by the prevailing party. *See Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).

According to *Hensley*, how a court measures degree of success depends largely on the categorization of a plaintiff's case. *See Hensley*, 461 U.S. at 434–37, 103 S.Ct. 1933. The first potential category covers cases involving multiple claims based on different facts and legal theories. For these cases, a court should measure degree of success strictly on the basis of those claims on which the plaintiff was successful. *See id.* at 434–35, 103 S.Ct. 1933. The second category encompasses cases involving multiple claims based on a common core of facts, or related legal theories, where the plaintiff has obtained "excellent results." *Id.* at 435, 103 S.Ct. 1933. In these cases a court should recognize the degree of success as high and award full compensatory fees, even if some of the plaintiff's claims were rejected. *See id.* The third and final category includes cases involving multiple claims based on a common core of facts, or related legal theories, where the plaintiff has obtained "partial or

---

1. Bad faith is defined as "vexatious, wanton, or oppressive conduct." *See Barry v. Bowen*, 825 F.2d 1324, 1333 (9th Cir.1987).

limited success." *Id.* at 436, 103 S.Ct. 1933. In such cases the degree of success is tied directly to the total success obtained in the litigation as a whole, with the fee award designed to reflect the less than optimal result. *See id.*

■ The district court essentially found that Innovair's case fell into category three, and set the fee award accordingly. While we agree with the district court's categorization,[2] we cannot sustain the size of the award. Under category three, Innovair was entitled to have its award measured by its total success. That success included both the establishment of an interest in the seized assets and a judgment of roughly two million dollars for the value of its interest. In setting the award, the district court ignored the company's success in obtaining the two million dollar judgment, finding that Innovair was successful only on the establishment issue. This unsupported decision to disregard a significant litigation victory as to the judgment amounted to an abuse of discretion and requires reversal. On remand, the district court should take into account Innovair's total success in the litigation, not just the company's success in showing a valid legal interest in the seized assets.

■ In addition, on remand the district court should reconsider the issue at the core of Innovair's fourth argument—expenses. Under the EAJA, a party who meets the eligibility requirements for a fee award is entitled to both attorneys' fees and expenses. *See* 28 U.S.C. § 2412(d)(1)(A). It is clear from the district court's award, which mentions only attorneys' fees, that expenses were not granted in this case.[3] This was error because under *Hensley,* which applies to both attorneys' fees and expenses, Innovair was entitled to an amount for expenses reflective of its partial success in the litigation. *See Atkins v. Apfel,* 154 F.3d 986, 990 (9th Cir.1998) (requiring application of *Hensley* to both the attorneys' fees and expenses portion of a fee award). Thus, on remand the district court should apply *Hensley* to Innovair's request for expenses, recognizing the company's success in establishing its interest and obtaining a two million dollar judgment.

In sum, we affirm the district court's decisions on substantial justification and bad faith. However, we reverse and remand the court's fee award with instruction to grant Innovair attorneys' fees and expenses commensurate with its total success in the litigation.

AFFIRMED in part; REVERSED in part and REMANDED.

Each party to bear its own costs.

---

**2.** Category three was the only category the district court could have reasonably applied in this case. Category one was inapplicable, given that all of Innovair's claims arose out of a common core of facts. Category two was inappropriate because Innovair did not obtain "excellent results"—particularly in light of the dismissal of the company's thirty seven million dollar counterclaim.

**3.** One explanation for the district court's decision might be that it mistakenly included expenses with costs, which were legitimately denied under 28 U.S.C. § 2465. It is easy to see how the district court could have made such a mistake, as Innovair presented expenses and costs together in its fee petition.