DYK, Circuit Judge,
dissenting in part.
This appeal raises two principal questions: first, whether the district court erred in concluding that an award of appellate attorney’s fees “is only warranted where the appeal itself is an exceptional case,” and second, whether the district court erred in denying fees incurred in securing a fee award without explanation. The majority affirms the district court on both questions. I respectfully dissent.
I. Fees FOR the Appeal
The district court limited its original fee award to fees incurred before the appeal and in that order did not address fees for the appeal. After the appeal and remand, the district court denied appellate fees because it concluded the appeal was not exceptional. I recognize that a district court has considerable discretion to reduce a fee award, see generally Bywaters v. United States, 670 F.3d 1221, 1228-32 (Fed.Cir.2012), and if I were sitting as a district judge, I too might be reluctant to award fees for our en banc proceeding. But the district court here did not exercise its discretion either in the original order (where the issue was not decided) or in the remand order. Rather, the district court concluded in the remand order that it could not award appellate fees unless the appeal was independently exceptional. The majority agrees. This holding, it seems to me, is contrary to Supreme Court precedent, and will potentially cause problems in future cases. I would reverse and remand for the district court to reconsider the appellate fee requests under the correct legal standard.
The district court concluded that section 285 requires a party seeking fees to establish that each stage of the litigation for which it requests fees is independently exceptional. With respect to other fee-shifting statutes, the Supreme Court has held that all phases of litigation, including appellate proceedings, are to be treated as a unitary whole, not parsed into discrete parts. Comm’r, INS v. Jean, 496 U.S. 154, 161-62, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990) (“Any given civil action can have numerous phases. While the parties’ postures on individual matters may be more or less justified, the [Equal Access to Justice Act, 28 U.S.C. § 2412(d) ] — like other fee-shifting statutes — favors treating a case as an inclusive whole, rather than as atomized line-items.”). In view of the Court’s admonition that all fee-shifting statutes should be interpreted in the same way, Indep. Fed’n of Flight Attendants v. Zipes, 491 U.S. 754, 758 n. 2, 109 S.Ct. 2732, 105 L.Ed.2d 639 (1989), and in the absence of any textual support, I see no reason why section 285 should be interpreted differently. Nor has the majority identified any such reason.
Of course, for our court to award appellate fees, we must find the appeal itself to be exceptional. See Rohm & Haas Co. v. Crystal Chem. Co., 736 F.2d 688, 692 (Fed.Cir.1984). But nothing in Rohm & Haas suggested that the trial court must find an appeal exceptional to award appellate fees. In another case, we ordered a district court to award appellate fees where the “totality of proceedings” constituted an exceptional case. PPG Indus., Inc. v. Celanese Polymer Specialties Co., 840 F.2d 1565, 1569 (Fed.Cir.1988). And Jean, a later case by the Supreme Court, reaffirmed that multi-stage litigation should be treated as a unitary whole, and that appellate fees should be treated as part of the whole.
*520 The majority affirms the district court’s denial of fees in part on the basis that Becton Dickinson and Nova were not “prevailing parties” in the original appeal and en banc proceedings. Majority Op. at 518 (internal quotation marks omitted). But the Supreme Court has held that the phrase “prevailing party” applies to any party “who has established his entitlement to some relief on the merits of his claims.” Hanrahan v. Hampton, 446 U.S. 754, 756-57, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980); see also Hensley v. Eckerhart, 461 U.S. 424, 433 & n. 7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (“prevailing party” is “a generous formulation that brings the plaintiff only across the statutory threshold”). Becton Dickinson and Nova prevailed on invalidity and noninfringement at both stages of the appeal. They ultimately prevailed on inequitable conduct as well. By establishing their entitlement to relief on the merits of their claims, Becton Dickinson and Nova were thus “prevailing parties” under the standard set forth by the Supreme Court even if they did not completely prevail at each stage.
II. Fees foe Fees
The majority also upholds the district court’s refusal to allow any fees accrued in the process of securing an award of fees. The Supreme Court in Jean made clear that awards of such fees-for-fees should reflect the degree to which the original fee request was successful. See 496 U.S. at 163 n. 10, 110 S.Ct. 2316 (“[F]ees for fee litigation should be excluded [only] to the extent that the applicant ultimately fails to prevail in such litigation.” (internal quotation marks omitted)). It follows that fees for successful fee petitions should be allowed.
No case of which I am aware has upheld the blanket denial of such fees. Even the Ninth Circuit case on which the majority relies made clear that fees should be allowed for successfully securing fees. Thompson v. Gomez, 45 F.3d 1365, 1368 (9th Cir.1995) (“Fees for fee litigation are excludable ... ‘to the extent that the applicant ultimately fails to prevail in such litigation.’ ” (quoting Jean, 496 U.S. at 163 n. 10, 110 S.Ct. 2316)). In an earlier opinion, the Ninth Circuit surveyed fees-for-fees precedent extensively and concluded that “federal courts ... have uniformly held that time spent in establishing the entitlement to and amount of the fee is compen-sable.” In re Nucorp Energy, Inc., 764 F.2d 655, 659-60 (9th Cir.1985). The court explained that this was because “it would be inconsistent with the purpose of the [act authorizing fees] to dilute a fees award by refusing to compensate the attorney for the time reasonably spent establishing and negotiating his rightful claim to the fee.” Id. at 660 (alteration and internal quotation marks omitted). Here, even under the majority’s view, Becton Dickinson and Nova were entitled to substantial fees. The district court was required to allow fees to secure those fees.
I would remand to the district court to reconsider Becton Dickinson and Nova’s fees requests. I respectfully dissent from the majority’s affirmance.[1]

. I agree with the majority on the issues of prejudgment and post-judgment interest.